United States Courts
Southern District of Texas
FILED

*March 10, 2026*

Nathan Ochsner, Clerk of Court

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | | |
|---|---|---|
| **GS HOLISTIC, LLC,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:24-cv-00360** |
| | § | |
| **AAR MANAGEMENT LLC,** *et al.,* | § | |
| | § | |
| **Defendants.** | § | |

**DEFENDANTS' THIRD-PARTY COMPLAINT**

Defendants/Third-Party Plaintiffs, by and through undersigned counsel, Derek R. Staub and FBT Gibbons LLP (formerly Frost Brown Todd LLP) ("Third-Party Plaintiffs"), file this Third-Party Complaint pursuant to Federal Rule of Civil Procedure 14(a) against MSO, LLC; Smoke Trendz, LLC; Four Seasons, LLC; SS Distro, LLC; Neptune Imports, LLC; CKZ Wholesale, LLC; Discount Novelties Wholesale, LLC; Sigma Wholesale, LLC; Toro Imports, LLC; and Dharmesh Enterprise USA, LLC (collectively, the "Third-Party Defendants"), and in support of their Third-Party Complaint respectfully show the Court as follows:

**I.
NATURE OF THE ACTION**

1. This action arises from Plaintiff GS Holistic, LLC's allegations that Defendants sold counterfeit and infringing products bearing Plaintiff's trademarks and allegedly infringing Plaintiff's design patents. Plaintiff contends that such products were unlawfully offered for sale and sold through Defendants' retail locations and seeks damages and injunctive relief based on those allegations.

1

0153760.0805370   4933-9935-8864v1

2.      Defendants, who bring this Third-Party Complaint as Third-Party Plaintiffs, are retailers. They did not manufacture, design, or originate the products that form the basis of Plaintiff's claims. Instead, in the ordinary course of business, Third-Party Plaintiffs obtained the products at issue from upstream wholesalers and distributors, including the Third-Party Defendants. The alleged presence of the products in Third-Party Plaintiffs' stores is therefore directly tied to the conduct of those upstream suppliers who introduced the products into the stream of commerce.

3.      Third-Party Plaintiffs bring this Third-Party Complaint pursuant to Federal Rule of Civil Procedure 14(a) because, to the extent they are found liable to Plaintiff for the alleged sale of counterfeit or infringing goods, the Third-Party Defendants are or may be liable to Third-Party Plaintiffs for all or part of such liability. The claims asserted herein seek to allocate responsibility, if any, to the wholesale suppliers whose sale and distribution of the products form the factual predicate of Plaintiff's allegations.

## II.
## PARTIES

4.      Third-Party Plaintiffs are defendants in the underlying action.

5.      Upon information and belief, Third-Party Defendant MSO, LLC ("MSO") is a limited liability company engaged in the wholesale distribution of smoking-related products and may be served with process at 11100 Harry Hines Boulevard, Dallas, Texas 75229.

6.      Upon information and belief, Third-Party Defendant Smoke Trendz, LLC ("Smoke Trendz") is a limited liability company engaged in the wholesale distribution of smoking-related products and may be served with process at 7331 Harwin Drive, Suite 101, Houston, Texas 77036.

7. Upon information and belief, Third-Party Defendant Four Seasons, LLC ("Four Seasons") is a limited liability company engaged in the wholesale distribution of smoking-related products and may be served with process at 5601 Bintliff Drive, Suite 560, Houston, Texas 77036.

8. Upon information and belief, Third-Party Defendant SS Distro, LLC ("SS Distro") is a limited liability company engaged in the wholesale distribution of smoking-related products and may be served with process at 2099 Valleyview Lane, Suite #180A, Farmers Branch, Texas 75234.

9. Upon information and belief, Third-Party Defendant Neptune Imports, LLC ("Neptune Imports") is a limited liability company engaged in the wholesale distribution of smoking-related products and may be served with process at 7636 Harwin Drive, Suite A-103, Houston, Texas 77036.

10. Upon information and belief, Third-Party Defendant CKZ Wholesale, LLC ("CKZ Wholesale") is a limited liability company engaged in the wholesale distribution of smoking-related products and may be served with process at 11526 Harry Hines Boulevard, Suite 101, Dallas, Texas 75229.

11. Upon information and belief, Third-Party Defendant Discount Novelties Wholesale, LLC ("Discount Novelties Wholesale") is a limited liability company engaged in the wholesale distribution of smoking-related products and may be served with process at 7299 Harwin Drive, Suite A, Houston, Texas 77036.

12. Upon information and belief, Third-Party Defendant Sigma Wholesale, LLC ("Sigma Wholesale") is a limited liability company engaged in the wholesale distribution of smoking-related products and may be served with process at 7010 Harwin Drive, Suite B, Houston, Texas 77380.

0153760.0805370   4933-9935-8864v1

13.     Upon information and belief, Third-Party Defendant Toro Imports, LLC ("Toro Imports") is a limited liability company engaged in the wholesale distribution of smoking-related products and may be served with process at 7482 Harwin Drive, Houston, Texas 77036.

14.     Third-Party Defendant Dharmesh Enterprise USA, LLC ("Dharmesh") is a limited liability company and may be served with process at 22377 Bellaire Boulevard, Suite 500, Richmond, Texas 77407.

## III.
## JURISDICTION AND VENUE

15.     This Court has subject-matter jurisdiction over these third-party claims pursuant to 28 U.S.C. § 1367 because they are so related to Plaintiff's claims that they form part of the same case or controversy. These claims are contingent upon and derivative of Plaintiff's claims against Third-Party Plaintiffs.

16.     Venue is proper in this District under 28 U.S.C. § 1391 because a substantial part of the events giving rise to these claims occurred in this District and/or in Texas, including the sale and distribution of the products at issue to Third-Party Plaintiffs for resale in Texas.

## IV.
## FACTUAL ALLEGATIONS RELATING TO THIRD-PARTY DEFENDANTS

17.     Plaintiff alleges that Third-Party Plaintiffs offered for sale and sold products that were counterfeit or otherwise infringing and/or that infringed Plaintiff's asserted design patents. Third-Party Plaintiffs are retailers and did not manufacture, design, or originate the products that are the subject of Plaintiff's allegations. Rather, in the ordinary course of business, Third-Party Plaintiffs obtained the relevant inventory from wholesale suppliers and distributors, including the Third-Party Defendants, who sold, supplied, and distributed those products to one or more Third-Party Plaintiffs for resale.

0153760.0805370   4933-9935-8864v1

18.      In purchasing inventory for retail sale, Third-Party Plaintiffs purchased inventory from Third-Party Defendants, as upstream suppliers, to provide lawful, authentic, and non-infringing products suitable for resale in the marketplace. To the extent Plaintiff proves that any products sold by Third-Party Plaintiffs were counterfeit, infringing, or otherwise unlawful for resale, Third-Party Plaintiffs contend that any such condition existed at the time the products were supplied by the Third-Party Defendants and was not created by any act of Third-Party Plaintiffs. Accordingly, to the extent Third-Party Plaintiffs are found liable to Plaintiff for any portion of Plaintiff's alleged damages or relief, the Third-Party Defendants are or may be liable to Third-Party Plaintiffs for all or part of such liability.

## V.
## CLAIMS FOR RELIEF

### Count I – Indemnity

19.      Third-Party Plaintiffs incorporate by reference the preceding paragraphs as if fully set forth herein. Third-Party Plaintiffs are retailers who obtained the products at issue through upstream wholesalers and distributors, including the Third-Party Defendants. Third-Party Defendants were the entities that placed the products at issue into the stream of commerce by supplying them to Third-Party Plaintiffs for retail sale. To the extent Plaintiff establishes that any products supplied by the Third-Party Defendants and sold by Third-Party Plaintiffs were counterfeit, infringing, or otherwise unlawful for resale, any resulting liability on the part of Third-Party Plaintiffs would be derivative of, and dependent upon, the Third-Party Defendants' conduct in supplying and distributing those products into the stream of commerce.

20.      As a direct and proximate result of the Third-Party Defendants' conduct in supplying the products at issue, Third-Party Plaintiffs have incurred and will continue to incur

0153760.0805370   4933-9935-8864v1

damages, including defense costs, attorneys' fees, and other expenses associated with responding to Plaintiff's claims.

21.     Accordingly, under applicable equitable and/or common-law principles, and to the extent any applicable agreements, invoices, representations, or course of dealing impose indemnity obligations, the Third-Party Defendants are or may be obligated to indemnify Third-Party Plaintiffs for all or part of any judgment, settlement, damages, costs, expenses, or other relief awarded against Third-Party Plaintiffs arising from Plaintiff's claims, including attorneys' fees where permitted by law.

### Count II – Breach of Warranty / Assurances of Non-Infringement

22.     Third-Party Plaintiffs incorporate by reference the preceding paragraphs as if fully set forth herein. The Third-Party Defendants are merchants and wholesale suppliers engaged in selling goods for resale to retail entities such as Third-Party Plaintiffs. In connection with those wholesale transactions, the Third-Party Defendants provided, and/or the law implies, assurances that the goods supplied were lawful for resale and would not subject Third-Party Plaintiffs to claims of counterfeiting, trademark infringement, or design patent infringement, to the extent permitted by applicable law.

23.     Third-Party Defendants supplied these goods in wholesale transactions for resale, and Third-Party Plaintiffs purchased them in reliance on the Third-Party Defendants' status as suppliers of goods intended for lawful resale.

24.     To the extent Plaintiff proves that any products supplied by the Third-Party Defendants and sold by Third-Party Plaintiffs were counterfeit or infringing, the Third-Party Defendants breached such assurances and are liable to Third-Party Plaintiffs for the damages,

6

losses, and expenses Third-Party Plaintiffs sustain as a result of Plaintiff's claims, including any amounts Third-Party Plaintiffs are required to pay to Plaintiff and any related defense costs, including attorneys' fees where permitted by law.

### Count III – Contribution / Allocation / Apportionment

25.    Third-Party Plaintiffs incorporate by reference the preceding paragraphs as if fully set forth herein. To the extent Plaintiff establishes liability against Third-Party Plaintiffs and the relief sought permits allocation, apportionment, set-off, or other equitable allocation among responsible parties, Third-Party Plaintiffs are entitled to a determination that the Third-Party Defendants bear all or part of the responsibility for the conduct giving rise to Plaintiff's alleged damages and requested relief. The Third-Party Defendants' sale, supply, and distribution of the products at issue to Third-Party Plaintiffs was a producing cause of Plaintiff's alleged injuries, if any, and any allocation should reflect that role in the distribution chain.

26.    Third-Party Plaintiffs therefore seek contribution, allocation, apportionment, and/or other equitable relief shifting all or part of any judgment, damages, costs, or relief awarded against Third-Party Plaintiffs in favor of Plaintiff to the Third-Party Defendants, to the extent permitted and recognized by applicable law.

27.    Third-Party Plaintiffs expressly reserve the right to assert additional claims, theories of recovery, and remedies against the Third-Party Defendants as discovery proceeds, including claims arising from written agreements, invoices, or other contractual arrangements that have not yet been produced or fully developed.

0153760.0805370   4933-9935-8864v1

## VI.
## PRAYER FOR RELIEF

WHEREFORE, Defendants/Third-Party Plaintiffs respectfully request that the Court enter judgment in their favor and against the Third-Party Defendants, and grant such relief as the Court deems just and proper, including but not limited to an award requiring the Third-Party Defendants to indemnify Third-Party Plaintiffs for all or part of any judgment, settlement, or other relief awarded in favor of Plaintiff arising out of the claims asserted in this action. Third-Party Plaintiffs further seek recovery of all damages, losses, costs, and expenses they have incurred or will incur as a result of Plaintiff's claims, including reasonable attorneys' fees and defense costs, to the extent permitted by applicable law.

Third-Party Plaintiffs also request a determination allocating, apportioning, or otherwise equitably assigning responsibility for Plaintiff's alleged damages and requested relief among the parties whose conduct contributed to the alleged harm, including the Third-Party Defendants, and an award of contribution, set-off, or other equitable relief shifting all or part of any such liability to the Third-Party Defendants to the extent permitted and recognized by applicable law.

Third-Party Plaintiffs further request an award of costs of court incurred in prosecuting this Third-Party Complaint, together with such other and further relief—legal or equitable—as the Court may deem just and proper under the circumstances.

0153760.0805370  4933-9935-8864v1

FBT GIBBONS LLP

By:  /s/ Derek R. Staub
     Derek R. Staub
     State Bar No. 24063017
     dstaub@fbtgibbons.com
     Amy E. LaValle
     State Bar No. 24040529
     alavalle@fbtgibbons.com

Rosewood Court
2101 Cedar Springs Road, Suite 900
Dallas, Texas 75201
Telephone:  214.545.3472

**COUNSEL FOR DEFENDANTS**


**CERTIFICATE OF SERVICE**

I hereby certify that I have served the foregoing document on all counsel and/or *pro se* parties of record in a manner authorized by Fed. R. Civ. P. 5(b)(2)(E) on February __, 2026.

/s/ Derek R. Staub
Derek R. Staub

9