**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| **GS HOLISTIC, LLC,** | § | |
| | § | |
| ***Plaintiff*,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:24-cv-00360** |
| | § | |
| **ADRIAN CHOWDHURY, DANTE PINEDA, JUNAID ABBASI, JAMIL DAUDI, MOHAMMED JAFAR, ABDUS SOBHAN, AZIM AHMED, SADIA SABRINA, TOWHEED CHOWDHURY, MARIA CHOWDHURY, A/K/A MARIA MARTINEZ, ANA MARTINEZ, NASREEN GHANI, SK M. JASIB HOSSAIN, ANIK AKHUND, MONIRUN CHOWDHURY, SHAHYAN KAROWADIYA, RAHMAN HAFIZUR, ICHOW INVESTMENTS LLC, I.AM WELLNESS LLC, JAMAQ LLC, JBQ INVESTMENT LLC, MCN MANAGEMENT LLC, MNM HOLDINGS LLC, A TEXAS SERIES LLC, NAVENE GLOBAL CONSULTING LLC, GP MMS LLC, AMITY MANAGEMENT LLC, HMF GLOBAL LLC AND DNA GLOBAL ENTERPRISES, LLC,** | § | |
| | § | |
| ***Defendants*.** | § | |

**DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**
**AS TO CERTAIN INDIVIDUAL AND ENTITY DEFENDANTS UNDER RULE 12(c)**
**AND, IN THE ALTERNATIVE, MOTION TO DROP PARTIES UNDER RULE 21**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendants Adrian Chowdhury, Dante Pineda, Junaid Abbasi, Jamil Daudi, Mohammed Jafar, Abdus Sobhan, Azim Ahmed a/k/a Azim Uddin, Sadia Subrina, Towheed Chowdhury, Maria

Chowdhury a/k/a Maria Martinez, Irene Chowdhury, Ana Martinez, SK M. Jasib Hossain, Anik Akhund, Monirun Chowdhury, Shahyan Karowadiya, Rahman Hafizur, ICHOW Investments LLC, I.AM Wellness LLC, Jamaq LLC, JBQ Investment LLC, MCN Management LLC, MNM Holdings LLC (a Texas Series Limited Liability Company), Navene Global Consulting LLC, GP MMS LLC, Amity Management LLC, HMF Global LLC, and DNA Global Enterprises LLC (collectively, the "Moving Defendants") respectfully move, pursuant to Federal Rules of Civil Procedure 12(c) and 21, for judgment on the pleadings as to all claims asserted against them by Plaintiff GS Holistic, LLC ("Plaintiff"), or, in the alternative, for an order dropping them from this action as misjoined parties. This Motion is based solely on the allegations (and omissions) in the operative Complaint and the pleadings filed in this action. In support, the Moving Defendants state as follows:

## I.
## INTRODUCTION

This case is one of hundreds of actions filed by Plaintiff alleging the sale of purportedly counterfeit G Pen vaporizers and Stündenglass gravity waterpipes. In this lawsuit, Plaintiff has named a large number of entity and individual defendants. As to the Moving Defendants, however, the Complaint contains no specific factual allegations at all.

The Moving Defendants are listed in the caption and identified in the parties section, but the pleading is otherwise silent as to who they are, what they allegedly did, what store—if any—they were associated with, or how they supposedly participated in the conduct at issue. There are no allegations that any of these individuals or entities owned or operated a relevant store, sold or possessed any accused product, controlled any business that did so, or otherwise engaged in conduct that could give rise to liability. Nor does the Complaint allege that any of them profited from or directed the alleged infringement. Although Plaintiff's pleading arguably contains

defendant-specific allegations as to a subset of store-owning entities or individuals identified by role or location, the Complaint contains no comparable, individualized factual allegations whatsoever as to any of the Moving Defendants.

Instead, Plaintiff relies entirely on undifferentiated group allegations against "Defendants" or "Defendant retailers," asking the Court to infer liability based solely on inclusion in the caption. That is precisely what the Federal Rules—and the Supreme Court's decisions in *Bell Atlantic Corp. v. Twombly* and *Ashcroft v. Iqbal*—do not permit. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009) (rejecting naked assertions devoid of further factual enhancement); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007).

Courts in this Circuit routinely grant Rule 12(c) relief where, as here, a complaint relies on labels, conclusions, and group pleading, without defendant-specific factual content. *See, e.g., Gentilello v. Rege*, 627 F.3d 540, 544–45 (5th Cir. 2010) (affirming judgment on the pleadings where allegations were conclusory and failed to state a plausible claim); *Morgan v. Medtronic, Inc.*, 172 F. Supp. 3d 959, 964–66 (S.D. Tex. 2016) (granting Rule 12(c) where the pleadings established no viable claim as a matter of law); *Martinez v. Tex. Dep't of Crim. Justice*, 2024 WL 2786941, at *7, *14–15 (S.D. Tex. Apr. 30, 2024) (granting Rule 12(c) as to individual defendants where the complaint failed to plausibly allege personal involvement).

Because the pleadings, taken as a whole, fail to state a plausible claim against any of the Moving Defendants, judgment on the pleadings is appropriate under Rule 12(c). At a minimum, even if Plaintiff's generalized allegations are deemed sufficient as to some defendants, the Moving Defendants are plainly misjoined. The Complaint alleges no connection between them and any specific store, transaction, or accused product, and their continued inclusion in this case serves only to multiply burden and expense. Under Rule 21, they should be dropped from this action. *See*

*Ochoa v. P.A.M. Transp., Inc.*, 2023 WL 2674360, at *3–4 (N.D. Tex. Mar. 28, 2023); *La. State Conf. of NAACP v. Louisiana*, 2022 WL 173515, at *5–7 (M.D. La. Jan. 18, 2022).

## II.
## RELEVANT BACKGROUND

Plaintiff's Complaint asserts federal trademark and related claims arising from alleged sales of counterfeit or unauthorized "G Pen" and "Stündenglass" products by various retail smoke shops and convenience stores. In pursuing those claims, Plaintiff names numerous limited liability companies and a lengthy list of individuals as "Defendants," without differentiating their alleged roles or conduct.

The Moving Defendants are among the individuals named. As to them, however, the Complaint alleges no facts establishing any connection to the purportedly unlawful conduct. Specifically, the Complaint does not allege that any Moving Defendant owned or operated any of the accused retail locations; personally bought, sold, advertised, or handled any accused product; directed, controlled, supervised, or profited from any alleged infringement; or engaged in any conduct at a particular time or place. The pleading provides no dates, locations, or defendant-specific actions attributable to any of the Moving Defendants. Although the Complaint may contain defendant-specific allegations as to a handful of store-owning entities or individuals identified by role or location, it contains no comparable, individualized factual allegations whatsoever as to any of the Moving Defendants.

Instead, Plaintiff relies entirely on collective allegations that "Defendants" or "Defendant retailers" purchased or sold infringing goods. Those undifferentiated references are the sole purported factual link between Plaintiff's claims and the Moving Defendants. The Complaint offers no individualized factual content explaining how any Moving Defendant supposedly participated in or contributed to the alleged misconduct. Federal pleading standards exist to prevent

precisely this type of shotgun pleading, in which dozens of individuals are accused in name only with no factual basis.

This type of group pleading—naming numerous individuals in the caption while failing to allege specific conduct by each—is precisely the defect that has led courts to dismiss claims against individual defendants at the pleadings stage. *See, e.g., People's Workshop, Inc. v. FEMA*, 2018 WL 3642581, at *6–8 (M.D. La. July 31, 2018) (granting Rule 12(c) where the complaint relied on sparse, conclusory allegations and undifferentiated references to "defendants"); *Jimenez v. CitiMortgage, Inc.*, 2017 WL 2362015, at *3–4 (W.D. Tex. May 31, 2017) (granting judgment on the pleadings where the pleading failed to identify specific wrongful conduct by the defendant); *Goodarzi v. Hartzog*, 2014 WL 722109, at *6–8 (S.D. Tex. Feb. 24, 2014) (dismissing claims where the plaintiff failed to allege facts showing each individual defendant's personal involvement).

Answers have been filed, and the pleadings are closed as between Plaintiff and the Moving Defendants. The sufficiency of Plaintiff's allegations as to these defendants is therefore ripe for resolution under Rule 12(c). *See Martinez v. Tex. Dep't of Crim. Justice*, 2024 WL 2786941, at *7 (S.D. Tex. Apr. 30, 2024) (treating post-answer motion as one under Rule 12(c)); *Allen v. Columbia Sch. Dist.*, 2019 WL 13293714, at *1 (S.D. Miss. Mar. 26, 2019) (construing post-answer motion as Rule 12(c) and granting relief as to certain claims and defendants).

## III.
## LEGAL STANDARDS

### A. Rule 12(c) – Judgment on the Pleadings

Rule 12(c) permits a party to move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c). Because answers have been filed and the pleadings are closed as between Plaintiff and the Moving Defendants, Rule 12(c) is

the proper—and indeed the most efficient—procedural vehicle for resolving the sufficiency of Plaintiff's allegations at this stage. The rule is designed to dispose of cases where the material facts are not in dispute and judgment may be rendered by examining the pleadings themselves and any facts subject to judicial notice. *Hebert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990); *see also Kmart Corp. v. Kroger Co.*, 2013 WL 5609143, at *2 (N.D. Miss. Oct. 11, 2013). Accordingly, courts evaluate Rule 12(c) motions under the same plausibility standard governing Rule 12(b)(6).

The standard governing a Rule 12(c) motion is identical to that applicable to a motion to dismiss under Rule 12(b)(6). *Gentilello v. Rege*, 627 F.3d 540, 543–44 (5th Cir. 2010); *Morgan v. Medtronic, Inc.*, 172 F. Supp. 3d 959, 964 (S.D. Tex. 2016); *Wells v. Collier*, 2020 WL 1248649, at *2 (E.D. Tex. Mar. 16, 2020). The Court must accept as true all well-pleaded factual allegations and draw reasonable inferences in the plaintiff's favor, but it is not required to accept legal conclusions or conclusory assertions framed as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To survive a Rule 12(c) motion, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plausibility requires more than a sheer possibility of unlawful conduct; the factual content must allow the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, as well as naked assertions devoid of further factual enhancement, are insufficient. *Id.*; *see also Prabhjot Inc. v. W. Heritage Ins. Co.*, 2013 WL 12123242, at *2–3 (N.D. Tex. Oct. 29, 2013).

Federal pleading standards exist to prevent precisely this type of shotgun pleading, where dozens of defendants are accused in name only with no factual basis. Where, as to particular defendants, a complaint offers only conclusory group allegations and fails to plead defendant-specific factual content, courts in this Circuit routinely grant judgment on the pleadings. *See, e.g., Gentilello*, 627 F.3d at 544–45 (affirming dismissal where allegations were merely consistent with liability but did not plausibly establish entitlement to relief); *Martinez v. Tex. Dep't of Crim. Justice*, 2024 WL 2786941, at *14–15 (S.D. Tex. Apr. 30, 2024) (granting Rule 12(c) as to individual defendants where the complaint did not allege specific facts showing personal involvement); *Gordon v. Holly Springs Sch. Dist.*, 2021 WL 4432827, at *2–3 (N.D. Miss. Sept. 27, 2021) (granting Rule 12(c) in favor of individual defendants where the complaint failed to allege a factual basis for individual liability).

**B. Rule 21 – Misjoinder and Dropping Parties**

Rule 21 provides that "[m]isjoinder of parties is not a ground for dismissing an action," but authorizes the Court, "on just terms," to add or drop parties at any time. Fed. R. Civ. P. 21. Rule 21 squarely addresses situations where parties have no meaningful connection to the alleged transactions or occurrences at issue, or whose continued presence would prejudice the parties or burden the Court. *See Ochoa v. P.A.M. Transp., Inc.*, 2023 WL 2674360, at *3–4 (N.D. Tex. Mar. 28, 2023) (dropping corporate defendants that had no connection whatsoever to the alleged conduct); *Royal v. Integreon, Inc.*, 2015 WL 3504856, at *2–3 (N.D. Tex. June 3, 2015) (dropping misidentified corporate party).

Joinder under Rule 20(a)(2) is proper only where the claims against defendants arise out of the same transaction, occurrence, or series of transactions or occurrences, and present at least one common question of law or fact. Even where those requirements may arguably be met, courts retain broad discretion under Rule 21 to sever or drop parties to prevent unfair prejudice,

confusion, or undue complication. *La. State Conf. of NAACP v. Louisiana*, 2022 WL 173515, at *5–7 (M.D. La. Jan. 18, 2022).

Courts regularly exercise this discretion to drop defendants who are improperly named or against whom no viable claim is pleaded. *See Ochoa*, 2023 WL 2674360, at *3–4; *Cheatum v. Blanda*, 2010 WL 1071386, at *2–3 (E.D. Tex. Mar. 18, 2010).

## IV.
## ARGUMENT

Plaintiff's Collective, Conclusory Allegations Do Not State a Plausible Claim Against the Moving Defendants (Rule 12(c)).

As to each of the Moving Defendants—Junaid Abbasi, Jamil Daudi, Mohammed Jafar, Abdus Sobhan, Azim Ahmed a/k/a Azim Uddin, Sadia Subrina, Towheed Chowdhury, Maria Chowdhury a/k/a Maria Martinez, Irene Chowdhury, Ana Martinez, SK M. Jasib Hossain, Monirun Chowdhury, and Shahyan Karowadiya—the Complaint does nothing more than identify them by name. Beyond listing them in the caption and parties section, the pleading is silent as to their alleged conduct.

Specifically, the Complaint does not allege:

1. what role, if any, any Moving Defendant played in any business entity;
2. which, if any, retail locations they were affiliated with;
3. what actions they personally took with respect to the products at issue; or
4. what knowledge they allegedly possessed regarding any infringement.

Instead, all allegedly wrongful conduct is attributed generically to "Defendants" or "Defendant retailers," without any attempt to differentiate among the many individuals and entities named. This is classic impermissible group pleading.

Courts in this Circuit have repeatedly held that such undifferentiated allegations do not satisfy Rule 8 and cannot survive judgment on the pleadings. In *People's Workshop*, for example,

the court granted Rule 12(c) relief in favor of certain defendants where the complaint relied on broad references to "defendants" and contained "virtually no" factual allegations specific to those parties. 2018 WL 3642581, at *6–8. Likewise, in *Jimenez*, the court granted judgment on the pleadings where the petition failed to identify any specific wrongful conduct by the defendant and instead relied on neutral, collective allegations. 2017 WL 2362015, at *3–4.

The Southern District of Texas has reached the same result in similar circumstances. In *Goodarzi*, the court dismissed claims against individual defendants where the complaint failed to allege what each defendant actually did, explaining that Rule 8 requires more than lumped assertions and legal conclusions. 2014 WL 722109, at *6–8. And in *Gordon*, the court granted Rule 12(c) relief in favor of individual officials where the complaint did not plausibly allege facts supporting personal liability, even though claims against other defendants remained. 2021 WL 4432827, at *2–3.

This case presents the same defect—more starkly so. Plaintiff has sued numerous individuals, yet the Complaint does not allege a single concrete act by any of the Moving Defendants. It identifies no dates, no locations, no transactions, no products, and no roles. Under *Twombly* and *Iqbal*, the Court must disregard conclusory references to "Defendants" and determine whether the remaining factual allegations plausibly establish liability as to each defendant. *Iqbal*, 556 U.S. at 678–79. When the generic group allegations are stripped away, nothing remains as to the Moving Defendants.

Plaintiff was required to plead factual content that, if accepted as true, would allow the Court to draw a reasonable inference that each Moving Defendant is personally liable for trademark infringement or related claims. *Iqbal*, 556 U.S. at 678. It has not done so. As in *Gentilello*, *Morgan*, *Martinez*, and *Prabhjot*, the Complaint offers only labels, conclusions, and

formulaic recitations directed at an undifferentiated group of "Defendants," without any non-conclusory allegations specific to the Moving Defendants. That is insufficient as a matter of law. *See Gentilello*, 627 F.3d at 544–45; *Morgan*, 172 F. Supp. 3d at 964–66; *Martinez*, 2024 WL 2786941, at *14–15; Prabhjot, 2013 WL 12123242, at *2–3.

Accordingly, judgment on the pleadings should be entered in favor of the Moving Defendants under Rule 12(c).

Alternatively, the Moving Defendants should be dropped as Misjoined Parties under Rule 21.

Even if the Court were to conclude that Plaintiff's generalized allegations are sufficient as to certain defendants—such as particular store-owning entities or individuals with clearly alleged roles—the Moving Defendants should still be dropped from this case under Rule 21.

Rule 21 authorizes the Court, "on just terms," to add or drop parties at any time. Fed. R. Civ. P. 21. The relevant inquiry is whether joinder promotes fairness and efficient resolution, or instead creates prejudice, confusion, and unnecessary burden. *La. State Conf. of NAACP v. Louisiana*, 2022 WL 173515, at *5–7 (M.D. La. Jan. 18, 2022).

In *Ochoa*, for example, the court dropped multiple defendants where they had no connection whatsoever to the events underlying the claims, recognizing that their continued inclusion would serve only to complicate the litigation and impose unnecessary costs. 2023 WL 2674360, at *3–4. Similarly, in *Royal*, the court exercised its authority under Rule 21 to drop a misidentified corporate entity in order to streamline the case and align the parties with the pleaded facts. 2015 WL 3504856, at *2–3.

The same considerations apply here. The Complaint does not allege that any Moving Defendant participated in, directed, or benefitted from any of the specific transactions at issue. Nor

does it allege that they were involved in operating any of the stores from which Plaintiff claims to have obtained products. As to the Moving Defendants, there are no pleaded facts tying them to any "transaction, occurrence, or series of transactions or occurrences" within the meaning of Rule 20(a)(2). Their only alleged connection to this case is their inclusion in a lengthy list of defendants.

Keeping these individuals in the case serves no legitimate purpose. Their continued presence as defendants will increase the expense and complexity of discovery, complicate case management, and risk unfair prejudice—particularly the risk that a jury may improperly infer guilt by association—without adding any meaningful evidence or theory of liability. *See La. State Conf. of NAACP*, 2022 WL 173515, at *6–7 (considering prejudice, judicial economy, and confusion in severing/dropping parties). As in *Ochoa*, where the court dropped uninvolved corporate defendants even though the core claims remained, justice and efficiency warrant dropping the Moving Defendants here, leaving the case to proceed against the entities and individuals, if any, as to whom Plaintiff has actually alleged concrete facts.

Rule 21 exists precisely to address this problem. If the Court elects not to resolve the Rule 12(c) merits, it should nonetheless exercise its discretion to drop the Moving Defendants as misjoined parties and dismiss them from this action, at least without prejudice. Dropping the Moving Defendants now will streamline the case and ensure that discovery and motion practice are directed only toward those parties as to whom Plaintiff has actually pleaded concrete facts.

## V.
## CONCLUSION

For the foregoing reasons, the Moving Defendants respectfully request that the Court grant judgment on the pleadings under Rule 12(c) and enter judgment in favor of Adrian Chowdhury, Dante Pineda, Junaid Abbasi, Jamil Daudi, Mohammed Jafar, Abdus Sobhan, Azim Ahmed a/k/a

Azim Uddin, Sadia Subrina, Towheed Chowdhury, Maria Chowdhury a/k/a Maria Martinez, Irene Chowdhury, Ana Martinez, SK M. Jasib Hossain, Anik Akhund, Monirun Chowdhury, Shahyan Karowadiya, Rahman Hafizur, ICHOW Investments LLC, I.AM Wellness LLC, Jamaq LLC, JBQ Investment LLC, MCN Management LLC, MNM Holdings LLC (a Texas Series LLC), Navene Global Consulting LLC, GP MMS LLC, Amity Management LLC, HMF Global LLC, and DNA Global Enterprises LLC, and dismiss all claims asserted against them.

In the alternative, the Moving Defendants request that the Court, pursuant to Rule 21, drop the Moving Defendants as misjoined parties. The Moving Defendants further request all such other and further relief to which they may be justly entitled.

FBT GIBBONS LLP

By: */s/ Derek R. Staub*
Derek R. Staub
State Bar No. 24063017
dstaub@fbtgibbons.com
Amy E. LaValle
State Bar No. 24040529
alavalle@fbtgibbons.com

Rosewood Court
2101 Cedar Springs Road, Suite 900
Dallas, Texas 75201
Telephone: 214.545.3472

**COUNSEL FOR MOVING DEFENDANTS ADRIAN CHOWDHURY, DANTGE PINEDA, JUNAID ABBASI, JAMIL DAUDI, MOHAMMED JAFAR, ABDUS SOBHAN, AZIM AHMED a/k/a AZIM UDDIN, SADIA SUBRINA, TOWHEED CHOWDHURY, MARIA CHOWDHURY a/k/a MARIA MARTINEZ, IRENE CHOWDHURY, ANA MARTINEZ, SK M. JASIB HOSSAIN, ANIK AKHUND, MONIRUN CHOWDHURY, SHAHYAN KAROWADIYA, RAHMAN HAFIZUR, ICHOW INVESTMENTS LLC, I.AM WELLNESS LLC, JAMAQ LLC, JBQ INVESTMENT LLC, MCN MANAGEMENT LLC, MNM HOLDINGS LLC (A TEXAS SERIES LIMITED LIABILITY COMPANY), NAVENE GLOBAL CONSULTING LLC, GP MMS LLC, AMITY MANAGEMENT LLC, HMF GLOBAL LLC and DNA GLOBAL ENTERPRISES LLC**

**CERTIFICATE OF CONFERENCE**

Counsel for Defendants certifies that he has made a good-faith effort to confer with Eddy Leal, counsel for Plaintiff, regarding the relief requested in this motion. Although Plaintiff's counsel requested additional time to review the matter, no position has been communicated as of the time of filing. Accordingly, this motion is filed without Plaintiff's position.

*/s/ Derek R. Staub*
Derek R. Staub

**CERTIFICATE OF SERVICE**

I hereby certify that on April 10, 2026, a true and correct copy of the foregoing ***Defendants' Motion for Judgment on the Pleadings or, in the Alternative, to Drop Parties***, together with the proposed order, was filed with the Clerk of the Court using the Court's CM/ECF electronic filing system, which will send notification of such filing to all counsel of record in accordance with the Federal Rules of Civil Procedure.

*/s/ Derek R. Staub*
Derek R. Staub