UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

GS HOLISTIC, LLC,

Plaintiff,

v.

AAR MANAGEMENT, LLC, *et al.*,

Defendants/Third-Party Plaintiffs,

v.

DISCOUNT NOVELTIES WHOLESALE, LLC, *et al.*,

Third-Party Defendants

**Case No. 3:24-cv-00360**

**THIRD-PARTY DEFENDANTS' MOTION TO DISMISS**

Third-Party Defendants Smoke Trendz Enterprises, LLC; Sigma Impact, Inc.; and MSO Distro, Inc. (collectively referred to as "Third-Party Defendants") hereby file this Motion to Dismiss ("Motion") related to the Amended Third-Party Complaint filed by Third-Party Plaintiffs AAR Management LLC et al (collectively referred to as "Third Party Plaintiffs").

## I. INTRODUCTION

This case arises from claims that Plaintiff GS Hollistic, LLC ("Plaintiff") owns an undisclosed trademark and an undisclosed design patent. Plaintiff filed an infringement action against Defendants AAR Management LLC et al alleging that they sold goods that infringe said trademark and design patent. But now, Defendants AAR Management LLC et al allege that the accused goods it sold were acquired from Smoke Trendz Enterprises, LLC; Sigma Impact, Inc.; and MSO Distro, Inc. (collectively the "Third-Party Defendants").

Thus, after being sued by Plaintiff for infringement, Defendants AAR Management LLC et al filed this action against Third-Party Defendants. In this action, Defendants AAR Management LLC et al, which are referred to as "Third-Party Plaintiffs", assert claims of indemnity, breach of warranty, and contribution/allocation/apportionment against Third-Party Defendants. However, the Amended Third-Party Complaint, which is the operative pleading in this action, fails to plead that the Third-Party Defendants agreed to any indemnity of the Third-Party Plaintiffs, made any warranties or assurances to the Third-Party Plaintiffs, or are required to contribute/allocate/apportion any liabilities incurred by Third-Party Plaintiffs due to their own unlawful actions. In fact, the Amended Third-Party Complaint fails to identify any product, trademark, trademark registration, or patent to which the alleged indemnity, warranty, or contribution relates. Without sufficient facts that Third-Party Defendants ever agreed to any indemnity, made any assurances, or are required to contribute to Third-Party Plaintiff's legal troubles, the Amended Third-Party Complaint must be dismissed as to the Third-Party Defendants.

As such, the Third-Party Defendants hereby file this Motion to Dismiss.

## II. LEGAL STANDARD

It is established that a plaintiff must plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " See *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Courts must dismiss the claim if there are insufficient factual allegations to raise the right to relief above the speculative level, *Twombly*, 550 U.S. at 555, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, *Jones v. Bock*, 549 U.S. 199, 215 (2007).

On a Rule 12(b)(6) motion, the Court must limit its review to the contents of the pleadings, including attachments thereto. See *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014). The Court may also consider documents attached to a motion to dismiss or an opposition to that motion when the documents are referred to in the pleadings and are central to a plaintiff's claims. See *Id*.

## III. THE AMENDED THIRD PARTY COMPLAINT FAILS TO PROPERLY PLEAD AN INDEMNITY CLAIM

Under Count I of the Amended Third-Party Complaint, Third-Party Plaintiffs allege a claim of indemnity. See *ECF No.* 52, p.5-6. However, Third-Party Plaintiffs fail to plead the basis for the indemnity claimed. In fact, the Amended Third-Party Complaint merely alleges as follows:

> "To the extent Plaintiff establishes that any products supplied by the Third-Party Defendants and sold by Third-Party Plaintiff(s) were counterfeit, infringing, or otherwise unlawful for resale, any resulting liability on the part of Third-Party Plaintiffs would be derivative of, and dependent upon, the Third-Party Defendants' conduct in supplying and distributing those products into the stream of commerce." See *ECF No. 52,* p.5-6.

Thus, the Amended Third-Party Complaint fails to plead whether there was an indemnity agreement with the Third-Party Defendants or whether there was anything upon which said indemnity claim is based. After all, assuming, *arguendo*, that the allegations in the Amended Third-Party Complaint are true, then Third-Party Defendants merely sold counterfeit goods to Third-Party Plaintiffs. There is no allegation that the Third-Party Defendants forced, facilitated, or even conspired for the Third-Party Plaintiffs to resell, offer for sale, distribute, or advertise the counterfeit goods. After all, pursuant to 15 U.S.C. §1114, the only way that the Third-Party Plaintiffs can be liable for infringement is if the Third-Party Plaintiffs sold, offered for sale, distributed, or advertised the counterfeit products. Without an allegation that the Third-Party Defendants participated in the Third-Party Plaintiff's alleged sale, offer for sale, distribution, or advertising of the counterfeit products, the Third-Party Defendants cannot be held responsible for the unlawful actions of the Third-Party Plaintiffs. Furthermore, there is no allegation that the Third-Party Defendants agreed in any way whatsoever to indemnify the Third-Party Plaintiffs for the sale, offer for sale, distribution, or advertising of the counterfeit products. In fact, there is no allegation that the Third-Party Defendants knew that the Third-Party Plaintiffs would resell the counterfeit products within the United States, since that is the only jurisdiction in which the Lanham Act applies. Even

more, the Amended Third-Party Complaint fails to identify a single product that is at issue in this case. In addition, the Amended Third-Party Complaint fails to identify the trademark, trademark registration, or the design patent that is at issue in this case. Without such facts it is NOT plausible that any indemnity agreement existed between the Parties. After all, it is established that "conclusory allegations, unwarranted factual inferences, or legal conclusions" are NOT sufficient. See *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (quoting *Plotkin v. IP Axess Inc*., 407 F.3d 690, 696 (5th Cir. 2005)).

Therefore, based on the Amended Third-Party Complaint, it appears that the Third-Party Plaintiffs purchased some counterfeit goods and decided on their own to resell them in violation of the Lanham Act. Now, after being caught with their hand in the cookie jar, they wish to cast blame on the Third-Party Defendants for their own bad decisions. After all, the Third-Party Plaintiffs do not allege that the Third-Party Defendants had anything to do with the decision to resell the counterfeit goods. Essentially, a claim for indemnity cannot stand without pleading sufficient facts that there was an indemnity agreement or that Third-Party Defendants are responsible for the actions of the Third-Party Plaintiffs.

Accordingly, the Indemnity claim in Count I of the Amended Third-Party Complaint must be stricken.

## IV. THE AMENDED THIRD PARTY COMPLAINT FAILS TO PROPERLY PLEAD A BREACH OF WARRANTY CLAIM

Under Count II of the Amended Third-Party Complaint, Third-Party Plaintiffs allege a claim of breach of warranty/assurances of non-infringement. See *ECF No.* 52, p.6-7. However, Third-Party Plaintiffs fail to plead the basis for the breach of warranty claimed. In fact, the Amended Third-Party Complaint merely alleges as follows:

> "[T]he Third-Party Defendants provided, and/or the law implies assurances that the goods supplied were lawful for resale and would not subject Third-Party Plaintiffs to claims of counterfeiting, trademark infringement, or design patent infringement, to the extent permitted by applicable law." See *ECF No. 52,* p.6.

Thus, the Amended Third-Party Complaint fails to plead sufficient facts as to the alleged warranty or assurances made by the Third-Party Defendants. After all, the Amended Third-Party Complaint does not plead whether such assurances were made in writing, by whom, to whom, when it was made, and to what products said assurance was related. In fact, the Amended Third-Party Complaint fails to identify a single product that is at-issue in this case. Even more, the Amended Third-Party Complaint fails to identify the trademark, trademark registration, or the design patent that is at-issue in this case. Without sufficient facts as to the alleged warranty or assurance, Count II cannot stand. After all, it is established that "conclusory allegations, unwarranted factual inferences, or legal conclusions" are NOT sufficient. See *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (quoting *Plotkin v. IP Axess Inc*., 407 F.3d 690, 696 (5th Cir. 2005)).

Even more, the Amended Third-Party Complaint alleges that "the law implies assurances." See *ECF No. 52,* p.6. However, the Amended Third-Party Complaint fails to identify such law. In fact, the Amended Third-Party Complaint does not identify any rule or statute that supports the notion that an implied assurance exists under the law.

Thus, a claim for breach of warranty/assurance of non-infringement cannot stand without pleading sufficient facts that there was a warranty or assurance made or agreed to by the Third-Party Defendants. After all, without even identifying the product, trademark, or design patent to which such alleged warranty relates, it is implausible that any warranty or assurance was ever made by the Third-Party Defendants.

Accordingly, the Indemnity claim in Count II of the Amended Third-Party Complaint must be stricken.

## V. <u>THE AMENDED THIRD PARTY COMPLAINT FAILS TO PROPERLY PLEAD A CONTRIBUTION/ALLOCATION/APPORTIONMENT CLAIM</u>

Under Count III of the Amended Third-Party Complaint, Third-Party Plaintiffs allege a claim for contribution/allocation/apportionment. See *ECF No.* 52, p.6-7. However, Third-Party Plaintiffs fail to plead the basis for such contribution/allocation/apportionment claimed. In fact, the Amended Third-Party Complaint merely alleges as follows:

> "Third-Party Plaintiffs are entitled to a determination that the Third-Party Defendants bear all or part of the responsibility for the conduct giving rise to Plaintiff's alleged damages and requested relief." See *ECF No. 52,* p.7.

Thus, the Amended Third-Party Complaint fails to identify any rule or statute that gives rise to the contribution/allocation/apportionment claimed. After all, assuming, *arguendo*, that the allegations in the Amended Third-Party Complaint are true, then Third-Party Defendants merely sold counterfeit goods to Third-Party Plaintiffs. There is no allegation that the Third-Party Defendants then forced, facilitated, or even conspired for the Third-Party Plaintiffs to then resell, offer for sale, distribute, or advertise in commerce any of the counterfeit goods. After all, pursuant to 15 U.S.C. §1114, the only way that the Third-Party Plaintiffs would be liable to Plaintiff is if the Third-Party Plaintiffs sold, offered for sale, distributed, or advertised the counterfeit products. Without an allegation that the Third-Party Defendants participated in the Third-Party Plaintiffs' alleged sale, offer for sale, distribution, or advertising of the counterfeit products, the Third-Party Defendants cannot be held responsible for the unlawful actions of Third-Party Plaintiffs. In fact, the Amended Third-Party Complaint does not allege that the Third-Party Defendants agreed to any contribution/allocation/apportionment as claimed in this case.

Accordingly, the contribution/allocation/apportionment claim in Count III of the Amended Third-Party Complaint must be stricken.

## VI. CONCLUSION

Based on the foregoing, Third-Party Defendants respectfully request this Court to grant this Motion and dismiss the Amended Third-Party Complaint as to Third-Party Defendants without opportunity to amend.

DATED: June 15, 2026

By:______________________________

Louis F. Teran (Pending *Pro Hac Vice)*
Email: lteran@slclg.com
California Bar No. 249494
SLC Law Group
1055 E. Colorado Blvd., Suite 500
Pasadena, CA 91106
Phone: 818-484-3217 x200

ATTORNEY FOR THIRD-PARTY DEFENDANTS Smoke Trendz Enterprises, LLC; Sigma Impact, Inc.; and MSO Distro, Inc.

## **CERTIFICATE OF SERVICE**

I certify that I filed this brief via the ECF system, which serves this motion on all counsel of record.

DATED: June 15, 2026

By:______________________________

Louis F. Teran (Pending *Pro Hac Vice)*
Email: lteran@slclg.com
California Bar No. 249494
SLC Law Group
1055 E. Colorado Blvd., Suite 500
Pasadena, CA 91106
Phone: 818-484-3217 x200

ATTORNEY FOR THIRD-PARTY DEFENDANTS Smoke Trendz Enterprises, LLC; Sigma Impact, Inc.; and MSO Distro, Inc.