United States District Court
Southern District of Texas
**ENTERED**
June 29, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | | |
|---|---|---|
| GS HOLISTIC, LLC, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:24-cv-00360 |
| | § | |
| AAR MANAGEMENT LLC, *et al.*, | § | |
| | § | |
| Defendants. | § | |

### OPINION AND ORDER[1]

Pending before me is a motion for substituted service filed by Defendants/Third-Party Plaintiffs. *See* Dkt. 78. Defendants request an order allowing substituted service of process on Third-Party Defendants Smiley Distributors LLC and Toro Imports, LLC. Having considered the motion, the record, and the applicable law, Defendants' motion is granted in part and denied in part.

Federal Rule of Civil Procedure 4(e)(1) permits a party to be served by "following state law for serving a summons." Texas law requires personal service. *See* Tex. R. Civ. P. 106(a). If attempts at personal service fail, Rule 106(b) permits substituted service upon a motion supported by a proper affidavit. *See State Farm Fire & Cas. Co. v. Costley*, 868 S.W.2d 298, 299 (Tex. 1993). The affidavit must "list[] any location where the defendant can probably be found and stat[e] specifically the facts showing that service has been attempted." Tex. R. Civ. P. 106(b). Texas law permits substituted service only where the plaintiff can demonstrate "strict compliance" with Rule 106(b). *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990).

---

[1] "A motion for substituted service is a nondispositive pretrial matter on which a magistrate judge may rule directly." *Ruffin v. Remy Real Estate Inv. Inc*, No. 3:25-cv-00399, 2026 WL 948512, at *8 n.13 (S.D. Tex. Apr. 8, 2026).

Defendants have twice attempted to serve Smiley's registered agent, Ahmed Alimuhammad, and they have attempted to serve Toro's registered agent, Aziz Panjwani, four times. *See* Dkt. 78 at 2–3. All service attempts have been unsuccessful. Defendants assert that they have exercised due diligence in serving Alimuhammad and Panjwani and that serving them "has proven impracticable." *Id.* at 4. Thus, Defendants argue that "substitute service should be authorized." *Id.*

As for Alimuhammad (and thus Smiley), Defendants request an order authorizing substituted service by leaving a copy of the Second Amended Third-Party Complaint and related documents with any person over the age of 16 years at 11526 Harry Hines Boulevard, Suite 101, Dallas, Texas 75229, or at 3413 De Vinci Drive, Plano, Texas 75074. The problem with this request is that Defendants fail to offer any probative evidence showing that either address is a location where Alimuhammad "can probably be found." Tex. R. Civ. P. 106(b).

The process server who tried to serve Alimuhammad at 11526 Harry Hines Boulevard was told by someone at that location that that Alimuhammad "never comes into the business office anymore." Dkt. 78-1 at 2. With respect to 3413 De Vinci Drive, a female resident informed the process server that Alimuhammad "does not reside" there and she does not know Alimuhammad. Dkt. 78-3 at 2. This evidence suggests that substituted service at either location would not reasonably provide Alimuhammad notice of the suit. For that reason, I will not authorize Defendants to serve Smiley via substituted service at the proffered locations.[2] *See Gryder v. Cook*, No. 02-23-00434-CV, 2024 WL 4562493, at *3 (Tex. App.—Fort Worth Oct. 24, 2024, no pet.) (refusing to allow substituted service when plaintiff

---

[2] Although Defendants have been unable to serve Smiley's registered agent to date, they are not limited to utilizing substituted methods of service available under Rule 106(b). Defendants could elect to serve Smiley by serving the Texas Secretary of State. *See* Tex. Bus. Orgs. Code Ann. § 5.251 ("The secretary of state is an agent of an entity for purposes of service of process . . . [if] the registered agent of the entity cannot with reasonable diligence be found at the registered office of the entity.").

"failed to provide evidence of probative value from which it could be inferred that the location was one where [defendant] could probably have been found.").

Turning to Panjwani (and thus Toro), Defendants ask me to authorize substituted service at 522 Newington Lane, Sugar Land, Texas 77479, the same address Defendants tried to serve Panjwani on four separate occasions. A process server who tried to serve Panjwani says in an affidavit that two people at 522 Newington Lane, Sugar Land, Texas 77479, confirmed that Panjwani lives there. *See* Dkt. 78-4 at 1. Moreover, on the third service attempt, Panjwani's wife indicated that Panjwani "would be home tomorrow." *Id.* On the fourth service attempt, Panjwani's wife further stated that Panjwani was "not home" at that time. *Id.* Although Panjwani may be evading service, the process server's affidavit is probative evidence that 522 Newington Lane is an address where Panjwani probably can be found. Accordingly, I will authorize Defendants to serve Toro via substituted service.

For these reasons, Defendants' motion for substituted service on Third-Party Defendants Smiley Distributors LLC and Toro Imports, LLC (Dkt. 78) is granted in part and denied in part. Pursuant to Federal Rule of Civil Procedure 4(e)(1), 4(h)(1), and Texas Rule of Civil Procedure 106(b), service may be effectuated on Toro by leaving a true copy of the summons, this order, and Defendants' Second Amended Third-Party Complaint with any person over the age of 16 years at 522 Newington Lane, Sugar Land, Texas 77479. Based on the record before me, I will not authorize substituted service on Smiley.

SIGNED this 29th day of June 2026.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE

3