United States Courts
Southern District of Texas
FILED
July 02, 2026
Nathan Ochsner, Clerk of Court

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| **GS HOLISTIC, LLC,** | § | |
| | § | |
| ***Plaintiff,*** | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:24-cv-00360** |
| | § | |
| **AAR MANAGEMENT LLC, *et al.,*** | § | |
| | § | |
| ***Defendants.*** | § | |

**DEFENDANTS' SECOND AMENDED THIRD-PARTY COMPLAINT**

Defendants/Third-Party Plaintiffs, by and through undersigned counsel, Derek R. Staub and FBT Gibbons LLP (formerly Frost Brown Todd LLP) ("Third-Party Plaintiffs"), file this Second Amended Third-Party Complaint pursuant to Federal Rule of Civil Procedure 14(a) against MSO Distro Inc. d/b/a Monster Smoke Wholesale a/k/a MSO, LLC; Smoke Trendz Enterprises, LLC a/k/a Smoke Trendz, LLC; ZZLS, LLC d/b/a Four Seasons Trading ("Four Seasons"); SS Distro USA, LLC a/k/a SS Distro, LLC; Neptune Imports, Inc. a/k/a Neptune Imports, LLC; Smiley Distributors LLC d/b/a CKZ Wholesale, LLC; General Goods Wholesale LLC d/b/a Discount Novelties Wholesale; Sigma Impact Inc. d/b/a Sigma Wholesale a/k/a Sigma Wholesale, LLC; and Toro Imports, LLC (collectively, the "Third-Party Defendants"), and in support of their Second Amended Third-Party Complaint respectfully show the Court as follows:

## I.
## NATURE OF THE ACTION

1. This action arises from Plaintiff GS Holistic, LLC's allegations that Defendants sold counterfeit and infringing products bearing Plaintiff's trademarks and allegedly infringing Plaintiff's design patents. Plaintiff contends that such products were unlawfully offered for sale

and sold through Defendants' retail locations and seeks damages and injunctive relief based on those allegations.

2. Defendants, who bring this Second Amended Third-Party Complaint as Third-Party Plaintiffs, are retailers. They did not manufacture, design, or originate the products that form the basis of Plaintiff's claims. Instead, in the ordinary course of business, Third-Party Plaintiffs obtained the products at issue from upstream wholesalers and distributors, including the Third-Party Defendants. The alleged presence of the products in Third-Party Plaintiffs' stores is therefore directly tied to the conduct of those upstream suppliers who introduced the products into the stream of commerce.

3. Third-Party Plaintiffs bring this Second Amended Third-Party Complaint pursuant to Federal Rule of Civil Procedure 14(a) because, to the extent they are found liable to Plaintiff for the alleged sale of counterfeit or infringing goods, the Third-Party Defendants are or may be liable to Third-Party Plaintiffs for all or part of such liability. The claims asserted herein seek to allocate responsibility, if any, to the wholesale suppliers whose sale and distribution of the products form the factual predicate of Plaintiff's allegations.

## II.
## PARTIES

4. Third-Party Plaintiffs are defendants in the underlying action.

5. Upon information and belief, Third-Party Defendant MSO Distro Inc. d/b/a Monster Smoke Wholesale a/k/a MSO, LLC ("MSO") is a corporation engaged in the wholesale distribution of smoking-related products and has been served with process by serving its registered agent, Amirali Makhani, at 6623 Sapphire Circle South, Colleyville, Texas 76034.

6. Upon information and belief, Third-Party Defendant Smoke Trendz Enterprises, LLC a/k/a Smoke Trendz, LLC ("Smoke Trendz") is a limited liability company engaged in the

wholesale distribution of smoking-related products and has been served with process by serving its registered agent, Mohammed Thara, at 7331 Harwin Drive, Suite 101, Houston, Texas 77036.

7. Upon information and belief, Third-Party Defendant ZZLS, LLC d/b/a Four Seasons Trading ("Four Seasons") is a Texas limited liability company engaged in the wholesale distribution of smoking-related and vaping products, with its principal place of business at 5601 Bintliff Drive, Suite 560, Houston, Texas 77036, and may be served with process by serving its registered agent, Laila Dawoodani, at 5601 Bintliff Drive, Suite 560, Houston, Texas 77036.

8. Upon information and belief, Third-Party Defendant SS Distro USA, LLC a/k/a SS Distro, LLC ("SS Distro") is a limited liability company engaged in the wholesale distribution of smoking-related products and has been served with process by serving its registered agent, Mohamed Zaid Hanif Patka, at 2099 Valley View Lane, Suite 180A, Farmers Branch, Texas 75234.

9. Upon information and belief, Third-Party Defendant Neptune Imports, Inc. a/k/a Neptune Imports, LLC ("Neptune Imports") is a corporation engaged in the wholesale distribution of smoking-related products and has been served with process by serving its registered agent, Samir Bhimani, at 11526 Jonstone Paisley Court, Richmond, Texas 77407.

10. Upon information and belief, Third-Party Defendant Smiley Distributors LLC d/b/a CKZ Wholesale, LLC ("CKZ Wholesale") is a limited liability company engaged in the wholesale distribution of smoking-related products. Personal service has been attempted on its registered agent, Ahmed Alimuhammad, at 11526 Harry Hines Boulevard, Suite 101, Dallas, Texas 75229, and at 3413 De Vinci Drive, Plano, Texas 75074, but has been unsuccessful. Defendants have filed a Motion for Substitute Service pursuant to Federal Rule of Civil Procedure 4(e)(1) and Texas Rule of Civil Procedure 106(b).

11. Upon information and belief, Third-Party Defendant General Goods Wholesale, LLC d/b/a Discount Novelties Wholesale ("General Goods") is a limited liability company engaged in the wholesale distribution of smoking-related products and may be served with process by serving its registered agent, Osama Issa Ghanem, at 7299 Harwin Drive, Suite A, Houston, Texas 77036.

12. Upon information and belief, Third-Party Defendant Sigma Impact Inc. d/b/a Sigma Wholesale a/k/a Sigma Wholesale, LLC ("Sigma Wholesale") is a corporation engaged in the wholesale distribution of smoking-related products and has been served with process by serving its registered agent, Kamruddin Sohani, 7107 Windwater Lagoon Drive, Houston, Texas 77036.

13. Upon information and belief, Third-Party Defendant Toro Imports, LLC ("Toro Imports") is a limited liability company engaged in the wholesale distribution of smoking-related products. Personal service has been attempted on its registered agent, Aziz Panjwani, at 522 Newington Lane, Sugar Land, Texas 77479 on four separate occasions, but has been unsuccessful. Defendants have filed a Motion for Substitute Service pursuant to Federal Rule of Civil Procedure 4(e)(1) and Texas Rule of Civil Procedure 106(b).

## III.
## JURISDICTION AND VENUE

14. This Court has subject-matter jurisdiction over these third-party claims pursuant to 28 U.S.C. § 1367 because they are so related to Plaintiff's claims that they form part of the same case or controversy. These claims are contingent upon and derivative of Plaintiff's claims against Third-Party Plaintiffs.

15. Venue is proper in this District under 28 U.S.C. § 1391 because a substantial part of the events giving rise to these claims occurred in this District and/or in Texas, including the sale and distribution of the products at issue to Third-Party Plaintiffs for resale in Texas.

## IV.
## FACTUAL ALLEGATIONS RELATING TO THIRD-PARTY DEFENDANTS

16. Plaintiff alleges that Third-Party Plaintiffs offered for sale and sold products that were counterfeit or otherwise infringing and/or that infringed Plaintiff's asserted design patents, including counterfeit G Pen vaporizers bearing imitations of Plaintiff's G Pen trademarks and counterfeit Stündenglass gravity infuser waterpipes bearing imitations of Plaintiff's Stündenglass trademarks, as well as waterpipes alleged to infringe Plaintiff's U.S. Design Patent Nos. D943,817 and D970,804. Third-Party Plaintiffs are retailers and did not manufacture, design, or originate the products that are the subject of Plaintiff's allegations. Rather, in the ordinary course of business, Third-Party Plaintiffs obtained the relevant inventory from wholesale suppliers and distributors, including the Third-Party Defendants, who sold, supplied, and distributed those products to one or more Third-Party Plaintiffs for resale.

17. Without limitation, based on information currently available to Third-Party Plaintiffs, including invoices, purchase records, and inventory data, the following Third-Party Defendants supplied the following categories of allegedly counterfeit or infringing products to Third-Party Plaintiffs' retail locations:

(a) MSO Distro Inc. d/b/a Monster Smoke Wholesale a/k/a MSO, LLC ("MSO") supplied gravity infuser waterpipes bearing the Stündenglass trademarks to one or more Third-Party Plaintiffs' retail locations, including the location at 184 Gulf Freeway South #A-2, League City, Texas 77573.

(b) Smoke Trendz Enterprises, LLC a/k/a Smoke Trendz, LLC ("Smoke Trendz") supplied gravity infuser waterpipes bearing the Stündenglass trademarks and/or vaporizers bearing the G Pen trademarks to multiple Third-Party Plaintiffs' retail locations, including locations at 9477 FM 1960 Suite 250 Bypass, Humble, Texas

77338; 117 Louis Henna Blvd., Suite 120, Round Rock, Texas 78664; 6420 FM 1463, Suite 450, Fulshear, Texas 77441; 27131 Cinco Ranch Blvd. #600, Katy, Texas 77494; 12710 W. Lake Houston Pkwy., Houston, Texas 77044; 1245 N. Fry Road, Suite D, Katy, Texas 77449; 24910 Kuykendahl Road, Tomball, Texas 77375; 102 West Grand Parkway South, Katy, Texas 77494; and 920 Studemont Street, Suite 200, Houston, Texas 77007.

(c) ZZLS, LLC d/b/a Four Seasons Trading ("Four Seasons") supplied gravity infuser waterpipes bearing the Stündenglass trademarks and/or vaporizers bearing the G Pen trademarks to multiple Third-Party Plaintiffs' retail locations, including locations at 19211 W. Lake Houston Pkwy., Suite 218, Humble, Texas 77346; 2139 N. Hwy. 146 #200, Liberty, Texas 77575; 5311 Bellaire Blvd., Suite B, Bellaire, Texas 77401; 2203 Spring Stuebner Road, Suite 200, Spring, Texas 77389; 24910 Kuykendahl Road, Suite B, Tomball, Texas 77375; 3824 Atascocita Road, Suite 126, Humble, Texas 77396; and 102 West Grand Parkway South, Katy, Texas 77494.

(d) SS Distro USA, LLC a/k/a SS Distro, LLC ("SS Distro") supplied vaporizers bearing the G Pen trademarks to one or more Third-Party Plaintiffs' retail locations, including the location at 3351 Clear Lake City Blvd., Houston, Texas 77059.

(e) Neptune Imports, Inc. a/k/a Neptune Imports, LLC ("Neptune Imports") supplied gravity infuser waterpipes bearing the Stündenglass trademarks to one or more Third-Party Plaintiffs' retail locations, including the locations at 314 Sawdust Road, Suite 102A, Spring, Texas 77380 and 102 West Grand Parkway South, Katy, Texas 77494.

(f) Smiley Distributors LLC d/b/a CKZ Wholesale, LLC ("CKZ Wholesale") supplied products bearing the Stündenglass trademarks and/or the G Pen trademarks to one or more Third-Party Plaintiffs' retail locations, including the locations at 2800 Sage Road, Suite A1000, Houston, Texas 77056 and 102 West Grand Parkway South, Katy, Texas 77494.

(g) General Goods Wholesale, LLC d/b/a Discount Novelties Wholesale ("General Goods") supplied vaporizers bearing the G Pen trademarks to one or more Third-Party Plaintiffs' retail locations, including the Bahama Mama Chimney Rock location at 11330 Chimney Rock Road, Houston, Texas 77035.

(h) Sigma Impact Inc. d/b/a Sigma Wholesale a/k/a Sigma Wholesale, LLC ("Sigma Wholesale") supplied gravity infuser waterpipes bearing the Stündenglass trademarks and/or vaporizers bearing the G Pen trademarks to one or more Third-Party Plaintiffs' retail locations, including the locations at 11330 Chimney Rock Road, Houston, Texas 77035 and 314 Sawdust Road, Suite 102A, Spring, Texas 77380.

(i) Toro Imports, LLC ("Toro Imports") supplied products bearing the Stündenglass trademarks and/or the G Pen trademarks to one or more Third-Party Plaintiffs' retail locations, including the location at 1819 Bingle Road, Houston, Texas 77055.

18. The foregoing identifications are based on information presently available to Third-Party Plaintiffs and are not intended to be exhaustive. Third-Party Plaintiffs reserve the right to supplement or amend these allegations as additional information is obtained through discovery.

19. Specifically, Third-Party Plaintiffs have identified the following invoices and purchase records documenting transactions through which Third-Party Defendants supplied allegedly counterfeit or infringing products to Third-Party Plaintiffs:

(a) *MSO Distro Inc. d/b/a Monster Smoke Wholesale*: Sales Receipt, Ticket No. 220000019649, dated August 31, 2022, to Bahama Mama League City (BDESH Retail 2 LLC), at 184 Gulf Freeway South #A-2, League City, Texas 77573, reflecting the sale of one (1) "Gravity Waterpipe" (a Stündenglass gravity infuser waterpipe), two (2) "Gravity Pineapple" waterpipes, one (1) "Grenco G Pen Dash Ground Material Vaporizer Lemonade," one (1) "Grenco G Pen Dash Ground Material Vaporizer Cookies," and one (1) "Grenco G Pen Dash Ground Material Vaporizer Black."

(b) *Smoke Trendz Enterprises, LLC*: (i) Sales Order No. SO-00388, dated July 12, 2022, to Ropeace 2 / Bahama Mama at 117 Louis Henna Blvd., Suite A-120, Round Rock, Texas 78664, reflecting the sale of, among other items, a "Blister Pen-SD G Pen"; (ii) Sales Order No. SO-03502, dated March 20, 2023, to Bahama Mama at 9477 FM 1960 Suite 250 Bypass, Humble, Texas 77338, reflecting the sale of, among other items, two (2) "STYLISH HOOKAH-ASSORTED IN A BAG" units; (iii) Invoice No. INV-002920, dated January 27, 2023, to Rolling & Co Smoke Shop / Bahama Mama at 27131 Cinco Ranch Blvd., Katy, Texas 77494, reflecting the sale of, among other items, one (1) "STYLISH HOOKAH-ASSORTED IN A BAG" (Line #31); (iv) Invoice No. INV-003120, dated February 13, 2023, to Bahama Mama Kuykendahl at 24910 Kuykendahl Road, Tomball, Texas 77375, reflecting the sale of, among other items, one (1) "STYLISH HOOKAH-ASSORTED IN A BAG" (Line #12); (v) Sales Order No. SO-00796, dated August 25, 2022, to Bahama Mama Katy at 1245 N. Fry Road, Katy, Texas 77449, reflecting the sale of, among other items, one (1) "Stylish Hookah STG-001 Pink"; (vi) Sales Order No. SO-02466 to Bahama Mama Grand Parkway at 102 West Grand Parkway South, Katy, Texas 77494 (Line #23); and (vii) Sales Order No. SO-04193 to Bahama Mama at 920 Studemont Street, Suite 200, Houston, Texas 77007 (Line #139).

(c) *SS Distro USA, LLC*: Invoice No. 7277, dated January 10, 2023, to Chowdhury Investments LLC (Bahama Mama Clear Lake) at 3351 Clear Lake City Blvd., Suite 700, Houston, Texas 77059, reflecting the sale of, among other items, one (1) "Inex Hookah | Ocean Design."

(d) *Neptune Imports, Inc.*: (i) Invoice No. 4555, dated September 3, 2021, to Bahama Mama Sawdust (Moh/Shahrose Khan) at 314 Sawdust Road, Suite 102A, Spring, Texas 77380, reflecting the sale of, among other items, two (2) "GRAVITY HOOKAH STUNDENGLASS STG-001-AJZZ" units (Line #13)—explicitly using a reference to Plaintiff's Stündenglass brand to describe the products; (ii) Invoice No. 13331, dated September 26, 2022, to Bahama Mama Grand Crossing at 102 West Grand Parkway South, Katy, Texas 77494, reflecting the sale of, among other items, one (1) "STUNDENGLASS KOMPACT GRAVITY HOOKAH – ASSORTED CO" (Line #34)—explicitly using Plaintiff's registered Stündenglass trademark to describe the product; and (iii) Invoice No. 13187, dated September 21, 2022, reflecting the sale of, among other items, one (1) "STUNDENGLASS KOMPACT GRAVITY HOOKAH – ASSORTED CO" to a Third-Party Plaintiff's retail location.

(e) *General Goods Wholesale LLC d/b/a Discount Novelties Wholesale*: Invoice dated October 24, 2023, to Bahama Mama Chimney Rock at 11330 Chimney Rock Road, Houston, Texas 77035, reflecting the sale of, among other items, one (1) "SNOOP DOG BOX GPEN."

(f) *ZZLS, LLC d/b/a Four Seasons Trading*: (i) Invoice No. 91414, dated February 14, 2022, to Bahama Mama West Lake at 19211 W. Lake Houston Pkwy., Houston, Texas 77346, reflecting the sale of, among other items, one (1) "Gravity Hookah Pineapple" and one (1) "Gravity Hookah Black"; (ii) Invoice No. 99122, dated April 27, 2022, to Bahama Mama Atascocita at 3824 Atascocita Road, Suite 126, Humble, Texas 77396, reflecting the sale of, among other items, one (1) "GRAVITY HOOKAH BLUE" (Line #3); (iii) Invoice No. 99125, dated April 27, 2022, to Bahama Mama Atascocita at 3824 Atascocita Road, Suite 126, Humble, Texas 77396, reflecting the sale of, among other items, one (1) "GRAVITY HOOKAH PINEAPPLE" (Line #12); (iv) Invoice No. INV-002920 to Bahama Mama Liberty at 2139 N. Hwy. 146, Suite 200, Liberty, Texas 77575 (Line #31); (v) Invoice No. 106944 to Bahama Mama Kuykendahl at 24910 Kuykendahl Road, Suite B, Tomball, Texas 77375 (Line #79); (vi) Invoice No. 128283 to Bahama Mama Missouri City at 7022 Hwy. 6, Suite 200, Missouri City, Texas 77459 (Line #18); and (vii) Invoice No. 99056 to Bahama Mama Grand Parkway at 102 West Grand Parkway South, Katy, Texas 77494 (Line #79).

(g) *Sigma Impact Inc. d/b/a Sigma Wholesale*: Invoice No. 13991, dated October 5, 2021, to Bahama Mama Sawdust (Shahrose LLC) at 314 Sawdust Road, Suite

102A, Spring, Texas 77380, reflecting the sale of, among other items, one (1) "STG Gravity Waterpipe Cookies"—a gravity infuser waterpipe bearing a reference to Plaintiff's Stündenglass brand and Cookies collaboration product line.

(h) *Toro Imports, LLC*: Invoice No. INV-015724, dated March 4, 2022, to Bahama Mama Bingle at 1819 Bingle Road, Houston, Texas 77055, reflecting the sale of, among other items, one (1) "Water Pipe-Black" (Line #11)—a waterpipe product alleged to infringe Plaintiff's design patents.

(i) *Smiley Distributors LLC d/b/a CKZ Wholesale, LLC*: (i) Sales Receipt dated December 20, 2022, to Secret Library (Waqar Ali) at 2800 Sage Road, Houston, Texas 77056, reflecting the sale of, among other items, two (2) "StundenGlass Gravity Infuser Cookies/Dr Greenthumb's/Black/Ty 2.0/TaylorGang" units at $340.00 each (Item #7986)—explicitly using Plaintiff's registered Stündenglass trademark to describe the products; and (ii) Invoice No. 15816 to Bahama Mama Grand Parkway at 102 West Grand Parkway South, Katy, Texas 77494 (Line #7986).

20. Third-Party Plaintiffs reserve the right to supplement or amend these allegations as additional invoices and purchase records are identified through ongoing investigation and discovery.

21. The Third-Party Defendants are wholesale distributors who regularly deal in smoking-related and vaping products of the kind at issue in this action. As upstream suppliers, the Third-Party Defendants were in a superior position to verify the authenticity of the products they distributed, as they dealt directly with manufacturers or importers and had access to supply chain information not available to downstream retailers. Third-Party Plaintiffs, as retailers, had no independent means of verifying the authenticity of the products beyond relying on their wholesale suppliers' representations and the branded packaging and labeling affixed to the products at the time of delivery.

22. Upon information and belief, none of the Third-Party Defendants were authorized distributors of Plaintiff's genuine G Pen or Stündenglass products. The Third-Party Defendants knew or, in the exercise of reasonable diligence, should have known that the products they were

distributing under these brand names were counterfeit or infringing, and that the sale of such products to Third-Party Plaintiffs for retail resale would expose Third-Party Plaintiffs to claims of trademark infringement and design patent infringement.

23. In purchasing inventory for retail sale, Third-Party Plaintiffs purchased inventory from Third-Party Defendants, as upstream suppliers, to provide lawful, authentic, and non-infringing products suitable for resale in the marketplace. To the extent Plaintiff proves that any products sold by Third-Party Plaintiffs were counterfeit, infringing, or otherwise unlawful for resale, Third-Party Plaintiffs contend that any such condition existed at the time the products were supplied by the Third-Party Defendants and was not created by any act of Third-Party Plaintiffs. Accordingly, to the extent Third-Party Plaintiffs are found liable to Plaintiff for any portion of Plaintiff's alleged damages or relief, the Third-Party Defendants are or may be liable to Third-Party Plaintiffs for all or part of such liability.

## V.
## CLAIMS FOR RELIEF

### *Count I - Indemnity*

24. Third-Party Plaintiffs incorporate by reference the preceding paragraphs as if fully set forth herein. Third-Party Plaintiffs are retailers who obtained the products at issue through upstream wholesalers and distributors, including the Third-Party Defendants. Third-Party Defendants were the entities that placed the products at issue into the stream of commerce by supplying them to Third-Party Plaintiffs for retail sale. To the extent Plaintiff establishes that any products supplied by the Third-Party Defendants and sold by Third-Party Plaintiffs were counterfeit, infringing, or otherwise unlawful for resale, any resulting liability on the part of Third-Party Plaintiffs is purely derivative of, and entirely dependent upon, the Third-Party Defendants' conduct in supplying and distributing those products into the stream of commerce.

Third-Party Plaintiffs did not manufacture, design, import, or originate any of the products at issue—they merely resold products supplied to them by the Third-Party Defendants in the ordinary course of their retail business. As between Third-Party Plaintiffs and Third-Party Defendants, the Third-Party Defendants are the actively at-fault parties whose conduct in sourcing, distributing, and selling allegedly counterfeit or infringing products is the direct and proximate cause of any liability Third-Party Plaintiffs may face, while Third-Party Plaintiffs are at most passively or vicariously liable by reason of their downstream resale of those products.

25. As a direct and proximate result of the Third-Party Defendants' conduct in supplying the products at issue, Third-Party Plaintiffs have incurred and will continue to incur damages, including defense costs, attorneys' fees, and other expenses associated with responding to Plaintiff's claims.

26. Accordingly, under Texas common law and applicable equitable principles, the Third-Party Defendants are obligated to indemnify Third-Party Plaintiffs for all or part of any judgment, settlement, damages, costs, expenses, or other relief awarded against Third-Party Plaintiffs arising from Plaintiff's claims, including attorneys' fees where permitted by law. Third-Party Plaintiffs' right to implied indemnity arises from the fundamental equitable principle that a party whose liability is merely derivative or secondary is entitled to recover from the party whose conduct was the primary or active cause of the injury. The Third-Party Defendants, as the upstream suppliers who introduced the products at issue into the stream of commerce, bear primary responsibility for the harm alleged by Plaintiff, and Third-Party Plaintiffs are entitled to be made whole for any liability imposed upon them as a consequence of the Third-Party Defendants' conduct. To the extent any applicable agreements, invoices, representations, or course of dealing independently impose indemnity obligations, Third-Party Plaintiffs assert those rights as well.

### *Count II – Breach of Warranty / Assurances of Non-Infringement*

27. Third-Party Plaintiffs incorporate by reference the preceding paragraphs as if fully set forth herein. The Third-Party Defendants are merchants and wholesale suppliers regularly engaged in selling smoking-related and vaping products for resale to retail entities such as Third-Party Plaintiffs. Under Texas Business and Commerce Code § 2.312(c), a merchant who regularly deals in goods of the kind automatically warrants that the goods shall be delivered free of the rightful claim of any third person by way of infringement. The Third-Party Defendants' sale of the products at issue to Third-Party Plaintiffs carried with it this statutory warranty against infringement. In addition, in connection with those wholesale transactions, the Third-Party Defendants provided, and/or the law implies, assurances that the goods supplied were lawful for resale and would not subject Third-Party Plaintiffs to claims of counterfeiting, trademark infringement, or design patent infringement.

28. Third-Party Defendants supplied these goods in wholesale transactions for resale, and Third-Party Plaintiffs purchased them in reliance on the Third-Party Defendants' status as suppliers of goods intended for lawful resale.

29. To the extent Plaintiff proves that any products supplied by the Third-Party Defendants and sold by Third-Party Plaintiffs were counterfeit or infringing, the Third-Party Defendants breached the statutory warranty under Texas Business and Commerce Code § 2.312(c) and any additional express or implied assurances, and are liable to Third-Party Plaintiffs for the damages, losses, and expenses Third-Party Plaintiffs sustain as a result of Plaintiff's claims, including any amounts Third-Party Plaintiffs are required to pay to Plaintiff and any related defense costs, including attorneys' fees where permitted by law.

***Count III ‑ Contribution / Allocation / Apportionment***

30. Third-Party Plaintiffs incorporate by reference the preceding paragraphs as if fully set forth herein. To the extent Plaintiff establishes liability against Third-Party Plaintiffs and the relief sought permits allocation, apportionment, set-off, or other equitable allocation among responsible parties, Third-Party Plaintiffs are entitled to a determination that the Third-Party Defendants bear all or part of the responsibility for the conduct giving rise to Plaintiff's alleged damages and requested relief. The Third-Party Defendants' sale, supply, and distribution of the products at issue to Third-Party Plaintiffs was a producing cause of Plaintiff's alleged injuries, if any, and any allocation should reflect that role in the distribution chain. The Third-Party Defendants, as the upstream wholesalers and distributors who sourced, imported, and/or supplied the products at issue, bear a substantially greater degree of fault than Third-Party Plaintiffs, who are downstream retailers that merely resold products received from the Third-Party Defendants without alteration.

31. Third-Party Plaintiffs therefore seek contribution, allocation, apportionment, and/or other equitable relief shifting all or part of any judgment, damages, costs, or relief awarded against Third-Party Plaintiffs in favor of Plaintiff to the Third-Party Defendants, to the extent permitted and recognized by applicable law.

32. Third-Party Plaintiffs expressly reserve the right to assert additional claims, theories of recovery, and remedies against the Third-Party Defendants as discovery proceeds, including claims arising from written agreements, invoices, or other contractual arrangements that have not yet been produced or fully developed.

***Count IV – Fraudulent and/or Negligent Misrepresentation***

33. Third-Party Plaintiffs incorporate by reference the preceding paragraphs as if fully set forth herein. In connection with the sale and distribution of the products at issue, certain Third-Party Defendants made specific, material misrepresentations of fact to Third-Party Plaintiffs by identifying products on their invoices, sales orders, and other transaction documents using the actual trademarked brand names of Plaintiff's products, thereby representing that the products were genuine articles manufactured by or under the authority of the trademark owner. Specifically:

(a) *MSO Distro Inc. d/b/a Monster Smoke Wholesale* represented on Sales Receipt Ticket No. 220000019649, dated August 31, 2022, that the products it sold to Third-Party Plaintiff BDESH Retail 2 LLC (Bahama Mama League City) were "Grenco G Pen Dash Ground Material Vaporizer" products and "Gravity Waterpipe" and "Gravity Pineapple" products—all branded references to Plaintiff's genuine G Pen and Stündenglass product lines—thereby representing that such products were genuine branded merchandise.

(b) *Smoke Trendz Enterprises, LLC* represented on Sales Order No. SO-00388, dated July 12, 2022, that the product it sold to Third-Party Plaintiff was a "Blister Pen-SD G Pen," a branded reference to Plaintiff's Snoop Dog G Pen vaporizer; on Sales Order No. SO-03502, dated March 20, 2023, and Invoice No. INV-003120, dated February 13, 2023, that the products sold were "STYLISH HOOKAH-ASSORTED IN A BAG," products designed to imitate Plaintiff's Stündenglass gravity infuser waterpipes; on Sales Order No. SO-00796, dated August 25, 2022, that the product sold was a "Stylish Hookah STG-001 Pink"; and on Sales Order Nos. SO-02466 and SO-04193, that products sold to Bahama Mama Grand Parkway and Bahama Mama Studemont, respectively, included products designed to imitate Plaintiff's Stündenglass gravity infuser waterpipes and/or bearing the G Pen trademarks—thereby representing in each instance that such products were lawful for resale.

(c) *ZZLS, LLC d/b/a Four Seasons Trading* represented on Invoice No. 91414, dated February 14, 2022, that the products it sold to Third-Party Plaintiff were "Gravity Hookah Pineapple" and "Gravity Hookah Black" products; on Invoice Nos. 99122 and 99125, dated April 27, 2022, to Bahama Mama Atascocita at 3824 Atascocita Road, Suite 126, Humble, Texas 77396, that the products sold were "GRAVITY HOOKAH BLUE" and "GRAVITY HOOKAH PINEAPPLE"; and on Invoice Nos. INV-002920, 106944, 128283, and 99056, that products sold to Bahama Mama Liberty, Bahama Mama Kuykendahl, Bahama Mama Missouri City, and Bahama Mama Grand Parkway, respectively, included products designed to imitate

Plaintiff's Stündenglass gravity infuser waterpipes—thereby representing in each instance that such products were lawful for resale.

(d) *Neptune Imports, Inc.* represented on Invoice No. 4555, dated September 3, 2021, that the products it sold to Bahama Mama Sawdust were "GRAVITY HOOKAH STUNDENGLASS STG-001-AJZZ" units, using a reference to Plaintiff's Stündenglass brand; on Invoice No. 13331, dated September 26, 2022, that the product it sold to Bahama Mama Grand Crossing was a "STUNDENGLASS KOMPACT GRAVITY HOOKAH – ASSORTED CO"; and on Invoice No. 13187, dated September 21, 2022, that the product it sold to a Third-Party Plaintiff was a "STUNDENGLASS KOMPACT GRAVITY HOOKAH"—in each instance explicitly using Plaintiff's registered Stündenglass trademark to describe the product, thereby representing that the product was a genuine Stündenglass product manufactured by or under the authority of Plaintiff.

(e) *SS Distro USA, LLC* represented on Invoice No. 7277, dated January 10, 2023, that the product it sold to Chowdhury Investments LLC (Bahama Mama Clear Lake) included an "Inex Hookah | Ocean Design," a product designed to imitate Plaintiff's patented hookah designs, thereby representing that such product was lawful for resale.

(f) *General Goods Wholesale LLC d/b/a Discount Novelties Wholesale* represented on an invoice dated October 24, 2023, to Bahama Mama Chimney Rock that the product it sold was a "SNOOP DOG BOX GPEN," explicitly using Plaintiff's registered G Pen and Snoop Dogg trademarks to describe the product, thereby representing that the product was a genuine G Pen product manufactured by or under the authority of Plaintiff.

34. Sigma Impact Inc. d/b/a Sigma Wholesale represented on Invoice No. 13991, dated October 5, 2021, that the product it sold to Bahama Mama Sawdust (Shahrose LLC) was an "STG Gravity Waterpipe Cookies"—using "STG," a reference to Plaintiff's Stündenglass brand, and "Cookies," a reference to Plaintiff's Cookies collaboration product line—thereby representing that the product was a genuine Stündenglass product or a product bearing Plaintiff's trademarks. Smiley Distributors LLC d/b/a CKZ Wholesale, LLC represented on a Sales Receipt dated December 20, 2022, that the products it sold to Secret Library (Waqar Ali) at 2800 Sage Road, Houston, Texas 77056 were "StundenGlass Gravity Infuser Cookies/Dr Greenthumb's/Black/Ty 2.0/TaylorGang"—explicitly using Plaintiff's registered Stündenglass trademark and multiple

collaboration product line names—thereby representing that the products were genuine Stündenglass products manufactured by or under the authority of Plaintiff. CKZ Wholesale further represented on Invoice No. 15816 to Bahama Mama Grand Parkway at 102 West Grand Parkway South, Katy, Texas 77494, that the products sold included items bearing Plaintiff's trademarks (Line #7986)—thereby making additional representations that such products were lawful for resale. With respect to Toro Imports, LLC, Invoice No. INV-015724, dated March 4, 2022, reflects the sale of a "Water Pipe-Black" to Bahama Mama Bingle; although the invoice does not use Plaintiff's trademarks by name, Toro Imports negligently represented that the product was lawful for resale by selling the product in the ordinary course without exercising reasonable care to verify that it did not infringe Plaintiff's design patents. Third-Party Plaintiffs reserve the right to assert additional fraudulent misrepresentation claims against Toro Imports upon obtaining further evidence through discovery.

35. The representations described in the preceding paragraphs and subparagraphs were false. To the extent Plaintiff proves that the products supplied by the Third-Party Defendants were counterfeit or infringing, the representations described above were material misrepresentations of fact. The Third-Party Defendants identified above either knew that the products they were selling were not authentic (and thus made such representations fraudulently), or, at a minimum, failed to exercise reasonable care in ascertaining the authenticity of the products before representing them as genuine branded merchandise (and thus made such representations negligently).

36. Third-Party Plaintiffs justifiably relied on the Third-Party Defendants' representations in purchasing the products for resale, as Third-Party Plaintiffs reasonably expected that products invoiced and sold under established brand names by wholesale distributors were

authentic goods suitable for lawful retail sale. Third-Party Plaintiffs would not have purchased the products had they known the products were counterfeit or infringing.

37. As a direct and proximate result of the Third-Party Defendants' fraudulent and/or negligent misrepresentations, Third-Party Plaintiffs have suffered damages, including but not limited to liability to Plaintiff for the sale of counterfeit or infringing products, defense costs, attorneys' fees, loss of business reputation, and other losses. Third-Party Plaintiffs are entitled to recover from the Third-Party Defendants all damages sustained as a result of their misrepresentations, including attorneys' fees where permitted by law.

***Count V – Unjust Enrichment (Alternative Theory)***

38. Third-Party Plaintiffs incorporate by reference the preceding paragraphs as if fully set forth herein. In the alternative, and pursuant to Federal Rule of Civil Procedure 8(d)(2), Third-Party Plaintiffs assert a claim for unjust enrichment against the Third-Party Defendants.

39. The Third-Party Defendants sold allegedly counterfeit or infringing products to Third-Party Plaintiffs and received substantial payments in exchange. The Third-Party Defendants were unjustly enriched by retaining the proceeds of those sales while Third-Party Plaintiffs bear the consequences of Plaintiff's claims, including potential liability for trademark infringement, design patent infringement, and associated damages, defense costs, and attorneys' fees.

40. It would be unjust and inequitable for the Third-Party Defendants to retain the benefit of those payments without bearing any responsibility for the liability and damages their products have caused. Third-Party Plaintiffs are entitled to restitution of amounts paid to the Third-Party Defendants for the allegedly counterfeit or infringing products, as well as disgorgement of profits the Third-Party Defendants derived from those transactions, to the extent permitted by applicable law.

## VI.
## PRAYER FOR RELIEF

WHEREFORE, Defendants/Third-Party Plaintiffs respectfully request that the Court enter judgment in their favor and against the Third-Party Defendants, and grant such relief as the Court deems just and proper, including but not limited to:

(a) An award requiring the Third-Party Defendants to indemnify Third-Party Plaintiffs for all or part of any judgment, settlement, or other relief awarded in favor of Plaintiff arising out of the claims asserted in this action, including under principles of common-law implied indemnity;

(b) Recovery of all damages, losses, costs, and expenses Third-Party Plaintiffs have incurred or will incur as a result of Plaintiff's claims, including reasonable attorneys' fees and defense costs, to the extent permitted by applicable law;

(c) Damages for breach of the statutory warranty against infringement under Texas Business and Commerce Code § 2.312(c) and any other applicable warranties or assurances;

(d) Damages for fraudulent and/or negligent misrepresentation, including all losses sustained by Third-Party Plaintiffs as a result of the Third-Party Defendants' misrepresentations regarding the authenticity of the products sold;

(e) A determination allocating, apportioning, or otherwise equitably assigning responsibility for Plaintiff's alleged damages and requested relief among the parties whose conduct contributed to the alleged harm, including the Third-Party Defendants, and an award of contribution, set-off, or other equitable relief shifting all or part of any such liability to the Third-Party Defendants;

(f) Restitution and/or disgorgement of the Third-Party Defendants' unjust enrichment from the sale of allegedly counterfeit or infringing products to Third-Party Plaintiffs;

(g) An award of costs of court incurred in prosecuting this Second Amended Third-Party Complaint; and

(h) Such other and further relief—legal or equitable—as the Court may deem just and proper under the circumstances.

FBT GIBBONS LLP

By: */s/ Derek R. Staub*
Derek R. Staub
State Bar No. 24063017
dstaub@fbtgibbons.com
Amy E. LaValle
State Bar No. 24040529
alavalle@fbtgibbons.com

Rosewood Court
2101 Cedar Springs Road, Suite 900
Dallas, Texas 75201
Telephone: 214.545.3472

**COUNSEL FOR DEFENDANTS/THIRD-PARTY PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that I have served the foregoing document on all counsel and/or *pro se* parties of record in a manner authorized by Fed. R. Civ. P. 5(b)(2)(E) on June 29, 2026.

*/s/ Derek R. Staub*
Derek R. Staub