United States District Court
Southern District of Texas

**ENTERED**

July 08, 2026

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | | |
|---|---|---|
| GS HOLISTIC, LLC, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:24-cv-00360 |
| | § | |
| AAR MANAGEMENT LLC, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

Pending before me is Defendants' Motion for Judgment on the Pleadings as to Certain Individual and Entity Defendants Under Rule 12(c) and, in the Alternative, Motion to Drop Parties Under Rule 21 ("Motion for Judgment"). Dkt. 56. Having reviewed the briefing, the record, and the applicable law, I recommend that the motion be granted in part and denied in part.

### BACKGROUND[1]

This is one of many trademark infringement lawsuits brought by GS across the country. GS sells portable vaporizers and smoking accessories under the "G Pen" brand name and infuser waterpipes and accessories under the "Stündenglass" brand name. GS owns several federal trademarks related to both brands, and claims it has spent substantial time and resources to prevent its products from being counterfeited. GS also owns two patents related to the design of its Stündenglass gravity infuser waterpipes. According to GS, the recognized quality and innovation of the G Pen and Stündenglass products cause consumers to pay high prices for genuine versions of those products. Because of the higher prices, GS asserts that its products are targeted by counterfeiters.

Defendants are 39 individuals and 39 entities connected to retail smoke shops, many of which operate under the "Bahama Mama" trade name. GS alleges

---

[1] The facts in this section are taken from GS's complaint.

that Defendants, without authorization, offered for sale and sold counterfeit G Pen and Stündenglass products bearing GS's registered marks. GS also alleges that several Defendants have misappropriated GS's patented waterpipe design and sold waterpipes imitating its patented design in their stores.

On December 13, 2024, GS instituted this suit against Defendants, asserting claims for: (i) trademark counterfeiting and infringement of the G Pen and Stündenglass trademarks, 15 U.S.C. § 1114; (ii) false designation of origin and unfair competition for use of the G Pen and Stündenglass trademarks, 15 U.S.C. § 1125(a); and (iii) direct and contributory infringement of the Stündenglass patents.

The instant motion for judgment is brought by 17 individuals and 11 entities. I refer to Defendants Adrian Chowdhury, Dante Pineda, Junaid Abbasi, Jamil Daudi, Mohammed Jafar, Abdus Sobhan, Azim Ahmed, Sadia Subrina, Towheed Chowdhury, Maria Chowdhury, Ana Martinez, Nasreen Ghani, SK M. Jasib Hossain, Anik Akhund, Monirun Chowdhury, Shahyan Karowadiya, and Hafizur Rahman as the "Individual Defendants." I refer to Defendants ICHOW Investments LLC, I.AM Wellness LLC, Jamaq LLC, JBQ Investment LLC, MCN Management LLC, MNM Holdings LLC, Navene Global Consulting LLC, GP MMS LLC, Amity Management LLC, HMF Global LLC, and DNA Global Enterprises LLC as the "Entity Defendants." Collectively, the Individual and Entity Defendants are the "Moving Defendants."

In seeking dismissal, Moving Defendants argue that GS fails to state a claim that would entitle it to relief. In the alternative, Moving Defendants ask this court to drop them from this lawsuit as misjoined parties under Federal Rule of Civil Procedure 21.

## LEGAL STANDARD

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Like Rule 12(b)(6), Rule 12(c) "is designed to dispose of cases where the material facts are not in

dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (quotation omitted).

The standard for a Rule 12(c) motion is the same as the standard for a Rule 12(b)(6) motion. *See Gentilello v. Rege*, 627 F.3d 540, 543–44 (5th Cir. 2010). A Rule 12(b)(6) motion tests the sufficiency of the complaint against the requirement that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In ruling on a motion to dismiss, my "review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

When evaluating a Rule 12(b)(6) motion, I accept "all well-pleaded facts as true and view[] those facts in the light most favorable to the plaintiff." *Cummings v. Premier Rehab Keller, P.L.L.C.*, 948 F.3d 673, 675 (5th Cir. 2020) (quotation omitted). I "do not, however, accept as true legal conclusions, conclusory statements, or naked assertions devoid of further factual enhancement." *Benfield v. Magee*, 945 F.3d 333, 336–37 (5th Cir. 2019) (cleaned up). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

## CITATION ERRORS

Before I address the merits of Defendants' motion, I need to briefly mention one issue that concerns me greatly. Defendants' Motion for Judgment is replete with citation errors. For example:

- Defendants cite *Ochoa v. P.A.M. Transport, Inc.*, 2023 WL 2674360, at *3–4 (N.D. Tex. Mar. 28, 2023). *See* Dkt. 56 at 4, 7. The Westlaw identifier is incorrect, and the case was decided in the

Western District of Texas in 2018, not in the Northern District of Texas in 2023. *See Ochoa v. P.A.M. Transp., Inc.*, No. SA-17-cv-787, 2018 WL 7297889 (W.D. Tex. Aug. 15, 2018).

- Defendants cite *Royal v. Integreon, Inc.*, 2015 WL 3504856, at *2–3 (N.D. Tex. June 3, 2015). *See* Dkt. 56 at 7. The Westlaw identifier is incorrect, and the case was decided in the Western District of Texas in 2020, not the Northern District of Texas in 2015. *See Royal v. Integreon, Inc.*, No. 1:19-cv-822, 2020 WL 13836729 (W.D. Tex. Apr. 15, 2020).

- Defendants cite *Louisiana State Conference of the NAACP v. Louisiana*, 2022 WL 173515, at *5–7 (M.D. La. Jan. 18, 2022). *See* Dkt. 56 at 8. The Westlaw identifier is incorrect, and the case was decided in 2020, not 2022. *See La. State Conf. of the NAACP v. Louisiana*, 490 F. Supp. 3d 982 (M.D. La. 2020).

- Defendants cite *People's Workshop, Inc. v. FEMA*, 2018 WL 3642581, at *6–8 (M.D. La. July 31, 2018). *See* Dkt. 56 at 9. The Westlaw identifier is incorrect, and the case was decided in 2019, not 2018. *See People's Workshop, Inc. v. FEMA*, No. CV 17-107, 2019 WL 1140196 (M.D. La. Mar. 12, 2019).

- Defendants cite *Jimenez v. CitiMortgage, Inc.*, 2017 WL 2362015, at *3–4 (W.D. Tex. May 31, 2017). *See* Dkt. 56 at 9. The Westlaw identifier is incorrect, and the date of the opinion is incorrect. *See Jimenez v. Citimortgage, Inc.*, No. CV SA-17-ca-00134, 2017 WL 11236934 (W.D. Tex. Apr. 3, 2017).

I cannot tell whether these errors are the result of shoddy work by Defendants' counsel or the use of artificial intelligence without any effort to check the citations before filing. Either way, the actions of Defendants' counsel are troubling. Defendants' counsel should take care to ensure citations offered to the court are accurate. I do not want to confront this issue again.

## ANALYSIS

### A.    RULE 12(c): FAILURE TO STATE A CLAIM

#### 1.    *Individual Defendants*

The Individual Defendants assert that:

[T]he Complaint does nothing more than identify [Individual Defendants] by name. Beyond listing them in the caption and parties section, the pleading is silent as to their alleged conduct.

Specifically, the Complaint does not allege:

1. what role, if any, any [Individual] Defendant played in any business entity;
2. which, if any, retail locations they were affiliated with;
3. what actions they personally took with respect to the products at issue; or
4. what knowledge they allegedly possessed regarding any infringement.

Dkt. 56 at 8. In response, GS contends that it has properly pleaded "individualized facts showing that each [Individual] Defendant is an owner, managing member, officer, or controlling person of one or more entity defendants—and that they directed those entities' infringing activities." Dkt. 72 at 4.

An individual can be held personally liable for trademark infringement or unfair competition under the Lanham Act, 15 U.S.C. §§ 1114, 1125(a). *See Mead Johnson & Co. v. Baby's Formula Serv., Inc.*, 402 F.2d 19, 23 (5th Cir. 1968). "A corporate officer may be personally liable for trademark infringement when an individual performs the act or does things that the patent or trademark law protects against." *GS Holistic, LLC v. Sublime Smoke & Vape LLC*, No. 4:23-cv-241, 2024 WL 4273581, at *4 (E.D. Tex. Sept. 3, 2024) (quotation omitted). Thus, any corporate officer who "directs, controls, ratifies, participates in, or is the moving force behind the infringing activity, is personally liable for such infringement without regard to piercing of the corporate veil." *John Crane Prod. Sols., Inc. v. R2R & D, LLC*, No. 3:11-cv-3237, 2012 WL 1571080, at *4 (N.D. Tex. May 4, 2012) (quoting *Babbit Elecs., Inc. v. Dynascan Corp.*, 38 F.3d 1161, 1184 (11th Cir. 1994)). Additionally, "[a]n individual can be held personally liable if he actively and knowingly caused the infringement." *Taylor Made Golf Co. v. MJT Consulting Grp.*, 265 F. Supp. 2d 732, 746 (N.D. Tex. 2003) (quotation omitted).

GS has failed to allege specific facts related to each Individual Defendant's involvement in or direction of the alleged infringing activities and unfair competition.

5

In the "Parties" section of the complaint, GS alleges that each Individual Defendant "directs the infringing activities of" the respective entity that they own or are affiliated. Dkt. 1 at 29–38. Although GS maintains that these allegations, taken by themselves, are sufficient to state a claim against the Individual Defendants, I strongly disagree. GS's cursory allegations merely repeat the legal standard for individual liability and are the epitome of "naked assertions devoid of further factual enhancement." *Benfield*, 945 F.3d at 336–37 (cleaned up). GS's complaint fails to "plead facts that specifically tie [any Individual Defendant] to the infringing conduct and show they knowingly and substantially participated in such conduct." *Apple Hill Growers v. El Dorado Orchards*, No. 2:17-cv-02085, 2019 WL 5827365, at *3 (E.D. Cal. Nov. 7, 2019); *see also GS Holistic, LLC v. Nevada Tobacco Distrib.*, No. 2:24-cv-09689, 2025 WL 1754949, at *6 (C.D. Cal. June 23, 2025) (dismissing Lanham Act claims against an individual when the operative pleading "makes only the bare legal assertion that [the individual] was the active, conscious, moving force behind the Lanham Act violations and that he directed and/or participated in such violations" without identifying "any specific factual allegations regarding [the individual's] role in decisions to engage in the alleged infringement.").

Instead of attributing any specific conduct to each Individual Defendant, GS relies almost entirely on impermissible group pleading. In the complaint, GS defines the Individual Defendants and several others, collectively, as "Owners." *See* Dkt. 1 at 39. GS proceeds to make threadbare, conclusory allegations with respect to the "Owners" involvement in the alleged infringement and unfair competition. For example, GS alleges that "[t]he OWNERS authorized, directed, and/or participated in" Bahama Mama's sale of the alleged counterfeit goods, and that the Owners acts "were a moving, active, and conscious force" behind Bahama Mama's alleged infringement. *Id.* at 84; *see also id.* at 54 (alleging that the "OWNERS _knowingly_ offered counterfeit products bearing the fake Stundenglass Marks"). Such generalized allegations that lump defendants together without

identifying each defendant's alleged personal involvement constitute impermissible group pleading. *See Callier v. Nat'l United Grp., LLC*, No. EP-21-cv-71, 2021 WL 5393829, at *4 (W.D. Tex. Nov. 17, 2021) ("General allegations lumping all defendants together and failing to identify specific actions of individual defendants will not suffice to raise an inference of plausible liability against any individual defendant.")*; Tow v. Bulmahn*, No. 15-3141, 2016 WL 1722246, at *17 (E.D. La. 2016) (cleaned up) (quoting *Bank of Am., N.A. v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013) ("Because the notice pleading requirements of the Federal Rules of Civil Procedure 'entitle each defendant to know what he or she did that is asserted to be wrongful,' allegations based on a 'theory of collective responsibility' cannot withstand a motion to dismiss.").

GS cites *GS Holistic, LLC v. Flavorz Smoke, LLC*, No. 2:24-cv-12254, 2026 WL 1330947 (E.D. Mich. May 13, 2026), for the proposition that an allegation that the Owners possessed specialized knowledge of the tobacco industry suffices to establish each Individual Defendant's personal involvement in the alleged infringement. *See* Dkt. 72 at 9. This argument is unpersuasive. The complaint provides no specific facts suggesting that any Individual Defendant possesses specialized tobacco-industry knowledge. GS simply assumes this is true because each Individual Defendant owns a limited liability company that sells tobacco-related products. But ownership alone does not make someone an expert in the tobacco industry. Moreover, GS alleges that the Entity Defendants conducted the sales of alleged counterfeit products without tying those sales to any specific Individual Defendant. *See* Dkt. 1 at 55–83. Accordingly, GS's allegations against the Individual Defendants are insufficient to state a claim.

### 2.   *Entity Defendants*

Although the Entity Defendants ask that they be dismissed from this lawsuit, they offer little, if any, analysis or explanation as to why the allegations against them in the complaint are insufficient.

To state a claim for infringement of a registered mark, GS must plead that "(1) it possesses a legally protectable trademark and (2) [the defendant]'s use of this trademark 'creates a likelihood of confusion as to source, affiliation, or sponsorship.'" *Rex Real Est. I, L.P. v. Rex Real Est. Exch. Inc.*, 80 F.4th 607, 616 (5th Cir. 2023) (quoting *Streamline Prod. Sys. Inc. v. Streamline Mfg., Inc.*, 851 F.3d 440, 450 (5th Cir. 2017)). To state a Lanham Act unfair-competition claim, GS must allege:

(1) A false or misleading statement of fact about a product;

(2) Such statement either deceived, or had the capacity to deceive a substantial segment of potential consumers;

(3) The deception is material, in that it is likely to influence the consumer's purchasing decision;

(4) The product is in interstate commerce; and

(5) The plaintiff has been or is likely to be injured as a result of the statement at issue.

*Pizza Hut, Inc. v. Papa John's Int'l, Inc.*, 227 F.3d 489, 495 (5th Cir. 2000).

GS has sufficiently alleged plausible claims against all but one of the Entity Defendants. GS identifies each Entity Defendant—with one exception discussed below—as the entity operating a storefront directly involved in the alleged unlawful activity and provides supporting facts and evidence. *See* Dkt. 1 at 52, 55–83. GS alleges that it hired an investigator to visit many of these storefronts, purchase the suspected counterfeit products, and inspect them. GS also provides photographs to support these contentions. For entities the investigator did not visit in person, GS identifies online photographs showing alleged counterfeit products offered for sale at their storefronts along with short descriptions as to why the products appear to be counterfeit. Finally, GS alleges that several storefronts have misappropriated its patented waterpipe designs and sold them to its investigator. *See id.* at 95–107. Taken together, these factual allegations plausibly suggest that each Entity Defendant—with one exception—is "liable for the misconduct alleged." *Iqbal*, 556

U.S. at 678. This is sufficient to survive the Moving Defendants' Motion for Judgment.

Now let me address the one exception I have mentioned. After a careful review of the complaint, I find that GS has not sufficiently alleged any wrongful conduct against HMF Global LLC. According to the complaint, HMF Global is one of the owners of Sauce Group, LLC. *See* Dkt. 1 at 23. Sauce Group operates a retail store that allegedly participated in the sale of counterfeit goods. Even if Sauce Group acted unlawfully, that does not mean that HMF Global is liable for Sauce Group's actions. Under Texas law, individual members of a limited liability company are typically insulated from liability for the actions of the company. *See* Tex. Bus. Orgs. Code § 101.114 ("Except as and to the extent the company agreement specifically provides otherwise, a member or manager is not liable for a debt, obligation, or liability of a limited liability company, including a debt, obligation, or liability under a judgment, decree, or order of a court."). "The statutory protections afforded to members and managers of an LLC give way only when a plaintiff can show that the LLC was used for the purpose of perpetrating, and did perpetrate, an actual fraud for the member or manager's direct personal benefit." *Metroplex Mailing Servs., LLC v. RR Donnelley & Sons Co.*, 410 S.W.3d 889, 896 (Tex. App.—Dallas 2013, no pet.). Because GS makes no allegations that HMF Global caused Sauce Group to be used for the purpose of perpetrating and did perpetrate an actual fraud, no viable claim has been pleaded against HMF Global. As such, HMF Global should be dismissed from this lawsuit.

## B.   RULE 21: MISJOINDER

In addition to asserting that GS has failed to properly state a claim, the Moving Defendants argue that this court should "drop the Moving Defendants as misjoined parties [under Rule 21] and dismiss them from this action." Dkt. 56 at 11.

Rule 21 provides the remedy for misjoinder, stating that "the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. The decision to

drop a party as a defendant pursuant to Rule 21 is left to the sound discretion of the trial court. *See Williams v. Hoyt*, 556 F.2d 1336, 1341 (5th Cir. 1977) ("The district court has broad discretion in determining the propriety of joining or continuing a particular party as a defendant.").

There is no basis to find misjoinder here. GS alleged that each Entity Defendant, with one exception, "sold counterfeit products bearing its protected trademarks" and "worked together as an 'interrelated group' to knowingly sell the counterfeit products." *Viahart, L.L.C. v. GangPeng*, No. 21-40166, 2022 WL 445161, at *4 (5th Cir. Feb. 14, 2022) (cleaned up). I have already concluded that the Individual Defendants and one Entity Defendant should be dismissed from this case for failure to state a claim. As for the remaining Entity Defendants, I recommend that their effort to latch onto Rule 21 be rejected. With a lone exception, GS has plausibly stated legally cognizable claims against the Entity Defendants, and GS should be permitted to proceed with those claims.

## CONCLUSION

For the reasons discussed above, I recommend that Defendants' Motion for Judgment (Dkt. 56) be granted in part and denied in part. Defendants Adrian Chowdhury, Dante Pineda, Junaid Abbasi, Jamil Daudi, Mohammed Jafar, Abdus Sobhan, Azim Ahmed, Sadia Subrina, Towheed Chowdhury, Maria Chowdhury, Ana Martinez, Nasreen Ghani, SK M. Jasib Hossain, Anik Akhund, Monirun Chowdhury, Shahyan Karowadiya, Hafizur Rahman, and HMF Global LLC should be dismissed from this lawsuit.

The parties have 14 days from service of this Memorandum and Recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.

SIGNED this __8th__ day of July 2026.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE