United States District Court
Southern District of Texas
**ENTERED**
July 13, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| GS HOLISTIC, LLC, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:24-cv-00360 |
| | § | |
| AAR MANAGEMENT LLC, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND RECOMMENDATION**

In the First Amended Third-Party Complaint, Third-Party Plaintiffs named "For Seasons Trading, Inc." as a Third-Party Defendant and alleged that For Seasons operated under the assumed name "Four Seasons, LLC." Dkt. 52 at 3. On May 18, 2026, For Seasons filed an Original Answer and a Rule 12(b)(6) motion to dismiss. *See* Dkt. 71. On June 18, 2026, Third-Party Plaintiffs sought leave to file a Second Amended Third-Party Complaint. *See* Dkt. 77. The proposed Second Amended Third-Party Complaint did not include For Seasons as a defendant. As Third-Party Plaintiffs explained:

> The First Amended Third-Party Complaint named "For Seasons Trading, Inc. a/k/a Four Seasons, LLC" as a Third-Party Defendant. Through subsequent investigation, Defendants have determined that the correct entity is ZZLS, LLC d/b/a Four Seasons Trading, a Texas limited liability company located at 5601 Bintliff Drive, Suite 560, Houston, Texas 77036, which operates under the assumed name "Four Seasons Trading" and sells smoking and vaping products of the type at issue in this case.
>
> The previously named entity, For Seasons Trading, Inc., is a separate company that sells motorbike and scooter parts and has no connection to the products at issue. The proposed amendment corrects this misidentification.

*Id.* at 2–3.

I granted Third-Party Plaintiffs request for leave to file a Second Amended Third-Party Complaint. *See* Dkt. 84. The Second Amended Third-Party Complaint

does not list For Seasons as a defendant. *See* Dkt. 85. As a legal matter, the Second Amended Third-Party Complaint supersedes the First Amended Third-Party Complaint, and the First Amended Third-Party Complaint has no legal effect. *See Eason v. Holt*, 73 F.3d 600, 603 (5th Cir. 1996). That means that For Seasons is no longer a defendant in this case. Nonetheless, For Seasons has filed a motion to dismiss it from this lawsuit. *See* Dkt. 87.

Because For Seasons filed an answer, Third-Party Plaintiffs were not unilaterally permitted to dismiss their claims against For Seasons without a court order. *See* Fed. R. Civ. P. 41(a)(2). But I entered such a court order when I allowed Third-Party Plaintiffs permission to file a Second Amended Complaint that did not include For Seasons as a defendant. *See* Dkt. 84. Out of an abundance of caution, I write now to say that I construed Third-Party Plaintiffs' request to file a Second Amended Third-Party Complaint as a motion to dismiss For Seasons without prejudice pursuant to Rule 41(a)(2). *See Diugosh v. Indasia, Inc.*, No. CIV.A. SA-13-ca-722, 2013 WL 6233894, at *2 (W.D. Tex. Dec. 2, 2013) (construing amended pleading that drops defendant as motion for dismissal under Rule 41(a)(2)).

The primary purpose of Rule 41(a)(2) is to "prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." *Manshack v. Sw. Elec. Power Co.*, 915 F.2d 172, 174 (5th Cir. 1990) (quotation omitted). There are no conditions I need to impose on the dismissal of For Seasons. Almost immediately after For Seasons was named as a Third-Party Defendant for the first time on April 6, 2026, *see* Dkt. 52, Third-Party Plaintiffs recognized that they had sued the wrong entity, and sought to drop For Seasons from the case. I have no reason to believe Third-Party Plaintiffs will sue For Seasons again because Third-Party Plaintiffs recognize that they sued the wrong entity. At this early stage of the proceedings, For Seasons is not prejudiced by an unconditional dismissal.

For Seasons is no longer a party to this case. For that reason, I recommend that For Seasons's motion to dismiss (Dkt. 87) be denied as moot.

The parties have 14 days from service of this Memorandum and Recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.

SIGNED this 13th day of July 2026.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE