**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| GS HOLISTIC, LLC<br>*Plaintiff,*<br><br>v.<br><br>AAR MANAGEMENT, LLC, *et al.*,<br>*Defendants/Third-Party Plaintiffs.*<br><br>v.<br><br>GENERAL GOODS WHOLESALE, LLC D/B/A DISCOUNT NOVELTIES WHOLESALE, *et al.*,<br>*Third-Party Defendant* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 3:24-cv-00360 |

**Third-Party Defendant General Goods Wholesale, LLC**
**d/b/a Discount Novelties Wholesale's**
**<u>FRCP 12(b)(6) Motion to Dismiss the Second Amended Third-Party Complaint</u>**

## I. Introduction

General Goods Wholesale, LLC d/b/a Discount Novelties Wholesale ("GGW") moves to dismiss under Federal Rule of Civil Procedure 12(b)(6) Third-Party Plaintiffs' Second Amended Complaint (Counts I, IV, and V), which was authorized for filing by the Court, and filed, on July 2, 2026. ECFs 84, 85.

A complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plausibility requires more than a sheer possibility of unlawful conduct; the factual content must allow the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). On a Rule 12(b)(6)

motion, the Court must limit its review to the contents of the pleadings, including attachments thereto. See *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp*., 748 F.3d 631, 635 (5th Cir. 2014). Courts must dismiss the claim if there are insufficient factual allegations to raise the right to relief above the speculative level, *Twombly*, 550 U.S. at 555, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, *Jones v. Bock*, 549 U.S. 199, 215 (2007).

## II. Arguments

### a. Third-Party Plaintiffs' "Common Law and Equitable Indemnity" Claim Does Not Exist (Count I)

Third Party Plaintiff's Count I (ECF 85 at 10-11) alleges:

> 26. Accordingly, **under Texas common law and applicable equitable principles**, the Third-Party Defendants are obligated to indemnify Third-Party Plaintiffs for all or part of any judgment, settlement, damages, costs, expenses, or other relief awarded against Third-Party Plaintiffs arising from Plaintiff's claims, including attorneys' fees where permitted by law. Third-Party Plaintiffs' right to implied indemnity arises from the fundamental equitable principle that a party whose liability is merely derivative or secondary is entitled to recover from the party whose conduct was the primary or active cause of the injury. The Third-Party Defendants, as the upstream suppliers who introduced the products at issue into the stream of commerce, bear primary responsibility for the harm alleged by Plaintiff, and Third-Party Plaintiffs are entitled to be made whole for any liability imposed upon them as a consequence of the Third-Party Defendants' conduct. To the extent any

> applicable agreements, invoices, representations, or course of dealing independently impose indemnity obligations, Third-Party Plaintiffs assert those rights as well.

(emphasis added).

To the extent that Third-Party Plaintiffs claim and assert "common law and equitable principles" indemnity, such claims are not recognized under Texas law and should be dismissed. *See F & F Ranch v. Occidental Chem. Corp.*, No. 14-09-00901-CV, 2011 WL 1123402, at *4 (Tex. App.—Houston [14th Dist.] Mar. 29, 2011, no pet.) ("[Plaintiff] has not cited, nor have we found, any cases in which a party has been "'equitably indemnified.'").

To the extent that Third-Party Plaintiffs' Count I is construed in the most generous manner possible to encompass Texas Civil Practices & Remedies Code Chapter 33, such chapter does not concern indemnity, but proportionate responsibility. Tex. Civ. Prac. & Rem. Code § 33. Courts have held that Texas abolished common law indemnity when enacting the Texas remedial code. *See YETI Coolers, LLC v. Mercatalyst, Inc.*, 2023 WL 11858896 at *5 (W.D. Tex. Dec. 1, 2023) (citing *Cypress Creek Util. Serv. Co., Inc. v. Muller*, 640 S.W.2d 860, 864 (Tex. 1982) (stating that the Legislature, via Chapter 33 of the Texas Civil Practice and Remedies Code, "has abolished the common law doctrine of indemnity between joint tortfeasors even though the statute does not expressly mention that doctrine.")). As such, Third-Party Plaintiffs' claim for "common law and equitable

indemnity" (Count I) is not recognized under Texas law and should be dismissed as failing to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

**b. Third-Party Plaintiffs' Claim for Fraudulent and/or Negligent Misrepresentation (Count IV) Should be Dismissed**

Third-Party Plaintiffs' assert an alleged cause of action for fraudulent and/or negligent misrepresentation stating:

> 33. […] In connection with the sale and distribution of the products at issue, certain Third-Party Defendants made specific, material misrepresentations of fact to Third-Party Plaintiffs by identifying products on their invoices, sales orders, and other transaction documents using the actual trademarked brand names of Plaintiff's products, thereby representing that the products were genuine articles manufactured by or under the authority of the trademark owner. Specifically: […] (f) ***General Goods Wholesale LLC d/b/a Discount Novelties Wholesale* represented on an invoice dated October 24, 2023, to Bahama Mama Chimney Rock that the product it sold was a "SNOOP DOG BOX GPEN," explicitly using Plaintiff's registered G Pen and Snoop Dogg trademarks to describe the product, thereby representing that the product was a genuine G Pen product manufactured by or under the authority of Plaintiff**.

ECF 85 at 14-17 (emphasis added).

The alleged invoice from October 24, 2023, allegedly states "SNOOP DOG BOX GPEN". Third-Party Plaintiffs' assert that GGW's invoice "explicitly us[ed] Plaintiff's

registered 'G Pen' and 'Snoop Dogg' trademarks to describe the product. There has been no assertion of trademark infringement as it relates to a supposed registered trademark for "Snoop Dogg" being asserted or complained of in this lawsuit until raised by Third-Party Plaintiffs, who have not been alleged to infringe such trademark. GS Holistic LLC's original complaint does not mention or claim infringement of any "Snoop Dogg" trademarks. To the extent that Third-Party Plaintiffs seek relief on the basis that Plaintiff, GS Holistic, LLC is the owner of a "SNOOP DOGG" registered trademark and has asserted infringement by Third-Party Plaintiffs, such claim should be dismissed as GS Holistic, LLC is not the registered owner, nor has any underlying infringement claim been asserted for any trademark of "Snoop Dogg" on that ground. Count IV on this basis should be dismissed as failing to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

**c. Third-Party Plaintiffs' Claim for Unjust Enrichment Is Time Barred (Count V)**

Third-Party Plaintiffs' seek, in the alternative, a claim for unjust enrichment against GGW and other third-party defendants based on the premise that third-party defendants were unjustly enriched by receiving consideration for products sold to and received by Third-Party Plaintiffs. ECF 85 at 17. This claim is new and was not included in the Original or First Amended versions of the Third-Party Complaint. To the extent that Third-Party Plaintiffs' claims for unjust enrichment are even facially plausible, they are time barred under Section 16.003 of the Texas Civil Practice and Remedies Code.

Unjust enrichment claims are governed by the two-year statute of limitations in section 16.003 of the Texas Civil Practice and Remedies Code. *Elledge v. Friberg-Cooper Water Supply Corp.*, 240 S.W.3d 869 (Tex. 2007). First, the alleged receipt cited by Third-Party Plaintiffs is claimed as being dated October 24, 2023, more than two-years prior to the July 2, 2026 filing date the operative Second Amended Third-Party Complaint. Second, Exhibit D-XXI (ECF 1-26) to the Original Complaint is dated to June 24, 2024, and references a December 2023 picture submission to a business listing allegedly showing the "suspected counterfeit Snoop Dogg Gpen sold in 2014 still being sold in **2023** due to the age of the product", again both of which are more than two-years prior to the July 2, 2026 filing date of the Second Amended Third-Party Complaint. ECF 1-26, Ex. D-XXI. While Third-Party Plaintiffs may claim that their two-year period did not begin until December 13, 2024 (filing date of Original Complaint) or a later date of service of the Complaint. Once served, Third-Party Plaintiffs were fully aware, or should have been aware, of the impending statute of limitations date based on the Original Complaint's earlier dated exhibits and the alleged October 24, 2023 receipt within their custody, possession, or control. As such, Third-Party Plaintiffs' claim for unjust enrichment (Count V) is time barred and should be dismissed as failing to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

## III. **Conclusion**

For these reasons, Third-Party Defendant General Goods Wholesale, LLC d/b/a Discount Novelties Wholesale requests that the Court dismiss Counts I, IV, and V of the

Second Amended Complaint as failing to assert a claim upon which the Court can grant relief. Fed. R. Civ. P. 12(b)(6).

Dated: July 15, 2026

Respectfully submitted,

/s/ Matthew C. Juren
Matthew C. Juren
Attorney-in-Charge
Texas Bar No. 24065530
S.D. Texas No. 979324
STEPHENS JUREN, PLLC
2500 Tanglewilde St., Suite 320
Houston, Texas 77063
Telephone: (832) 344-5400
Facsimile: (832) 476-5460
mjuren@patent-lawyers.com

***Counsel for General Goods Wholesale, LLC d/b/a Discount Novelties Wholesale***

**CERTIFICATE OF SERVICE**

I certify that on July 15, 2026, in accordance with the Federal Rules of Civil Procedure, a true and correct copy of the above and foregoing document was served on all registered counsel of record via the Court's PACER/ECF system.

*/s/ Matthew C. Juren*
Matthew C. Juren