UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

GS HOLISTIC, LLC,

Plaintiff,

v.

AAR MANAGEMENT, LLC, *et al.*,

Defendants/Third-Party Plaintiffs,

v.

DISCOUNT NOVELTIES WHOLESALE, LLC, *et al.*,

Third-Party Defendants

**Case No. 3:24-cv-00360**

**THIRD-PARTY DEFENDANTS' MOTION TO DISMISS THE SECOND AMENDED THIRD-PARTY COMPLAINT**

Third-Party Defendants Smoke Trendz Enterprises, LLC; Sigma Impact, Inc.; and MSO Distro, Inc. (collectively referred to as "Third-Party Defendants") hereby file this Motion to Dismiss ("Motion") related to the Second Amended Third-Party Complaint ("SAC") filed by Third-Party Plaintiffs AAR Management LLC et al (collectively referred to as "Third Party Plaintiffs").

## I. INTRODUCTION

This case arises from claims that Plaintiff GS Hollistic, LLC ("Plaintiff") owns an undisclosed trademark and an undisclosed design patent. Plaintiff filed an infringement action against Defendants AAR Management LLC et al alleging that they sold goods that infringe said trademark and design patent. But now, Defendants AAR Management LLC et al allege that the accused goods it sold were acquired from Smoke Trendz Enterprises, LLC; Sigma Impact, Inc.; and MSO Distro, Inc. (collectively the "Third-Party Defendants").

Thus, after being sued by Plaintiff for infringement, Defendants AAR Management LLC et al filed this action against Third-Party Defendants. In this action, Defendants AAR Management LLC et al, which are referred to as "Third-Party Plaintiffs", assert claims of indemnity, breach of warranty, contribution/allocation/apportionment, misrepresentation, and unjust enrichment against Third-Party Defendants. However, the SAC, which is the operative pleading in this action, fails to plead sufficient facts to support any of its causes of action. Without sufficient facts to support its claims, the SAC must be dismissed as to the Third-Party Defendants.

As such, the Third-Party Defendants hereby file this Motion to Dismiss.

## II. LEGAL STANDARD

It is established that a plaintiff must plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " See *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Courts must dismiss the claim if there are insufficient factual allegations to raise the right to relief above the speculative level, *Twombly*, 550 U.S. at 555, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, *Jones v. Bock*, 549 U.S. 199, 215 (2007).

On a Rule 12(b)(6) motion, the Court must limit its review to the contents of the pleadings, including attachments thereto. See *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014). The Court may also consider documents attached to a motion to dismiss or an opposition to that motion when the documents are referred to in the pleadings and are central to a plaintiff's claims. See *Id*.

## III. THE SAC FAILS TO PROPERLY PLEAD AN INDEMNITY CLAIM

Under Count I of the SAC, Third-Party Plaintiffs allege a claim of indemnity. See *ECF No. 85*, p.10-11. However, Third-Party Plaintiffs fail to plead a proper legal basis for the indemnity claimed. In fact, the SAC merely alleges as follows:

> "26. Accordingly, under Texas common law and applicable equitable principles, the Third-Party Defendants are obligated to indemnify Third-Party Plaintiffs for all or part of any judgment, settlement, damages, costs, expenses, or other relief awarded against Third-Party Plaintiffs arising from Plaintiff's claims…." See *ECF No. 85,* p.11 ¶26.

Thus, the SAC fails to plead a proper indemnity cause of action because an indemnity claim based on "common law and equitable principles" is NOT recognized under Texas law. See *F&F Ranch v. Occidental Chem. Corp.,* No.14-09-00901-CV, 2011 WL 1123402, at *4 (Tex. App.-Houston [14th Dist.] Mar. 29, 2011) ("[Plaintiff] has not cited, nor have we found, any cases in which a party has been 'equitably indemnified'.").

To the extent that Third-Party Plaintiffs' Count I is construed in the most generous manner possible to encompass Texas Civil Practices & Remedies Code Chapter 33, such chapter does not concern indemnity, but proportionate responsibility. See *Tex. Civ. Prac. & Rem. Code § 33*. Courts have held that Texas abolished common law indemnity when enacting the Texas remedial code. See *YETI Coolers, LLC v. Mercatalyst, Inc*., 2023 WL 11858896 at *5 (W.D. Tex. Dec. 1, 2023) (citing *Cypress Creek Util. Serv. Co., Inc. v. Muller*, 640 S.W.2d 860, 864 (Tex. 1982) (stating that the Legislature, via Chapter 33 of the Texas Civil Practice and Remedies Code, "has abolished the common law doctrine of indemnity between joint tortfeasors even though the statute does not expressly mention that doctrine.")). As such, Third-Party Plaintiffs' claim for "common law and equitable indemnity" (Count I) is not recognized under Texas law and should be dismissed as failing to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

Accordingly, the indemnity claim in Count I of the SAC must be stricken.

## IV. <u>THE SAC FAILS TO PROPERLY PLEAD BREACH OF WARRANTY</u>

Under Count II of the SAC, Third-Party Plaintiffs allege a claim of breach of warranty/assurances of non-infringement. See *ECF No. 85*, p.12. However, Third-Party Plaintiffs fail to plead a proper legal basis for the breach of warranty claimed. In fact, the SAC alleges as follows:

> "The Third-Party Defendants are merchants and wholesale suppliers regularly engaged in selling smoking-related and vaping products for resale to retail entities such as Third-Party Plaintiffs. Under Texas Business and Commerce Code § 2.312(c), a merchant who regularly deals in goods of the kind automatically warrants that the goods shall be delivered free of the rightful claim of any third person by way of infringement." See *ECF No. 85,* p.12 ¶27.

Essentially, the SAC bases the breach of warranty claim entirely on Texas Business and Commerce Code § 2.312(c) ("Section 2.312(c)"). However, pursuant to Section 2.312(c), the delivery of the good is warranted to be free of all claims of infringement. See *Motorola, Inc. v. Varo, Inc*., 656 F.Supp. 716, 718 (N.D.Tex.1986). In fact, there is not a single claim of infringement made on the goods that Third-Party Defendants allegedly sold to Third-Party Plaintiffs. Instead, Third-Party Plaintiffs assert breach of warranty based on infringement claims made only against them for their illegal actions, not on an infringement claim against the goods it received from Third-Party Defendants. After all, the trademark infringement claim against Third-Party Plaintiffs is based on the Third-Party Plaintiffs' sale, offer for sale, distribution, or advertisement of counterfeit products. Thus, the claims for infringement asserted against Third-Party Plaintiffs are based on their conduct, not the goods themselves. Thus, Third-Party Defendants cannot be held liable for the conduct of Third-Party Plaintiffs. In fact, Section 2.312(c) only warrants that the goods delivered to the Third-Party Plaintiffs were free of all claims of infringement. Section 2.312(c) does not require Third-Party Defendants to warrant that the use of the goods by Third-Party Plaintiffs will be free of all claims of infringement. See *Motorola, Inc. v. Varo, Inc*., 656 F.Supp. 716, 718 (N.D.Tex.1986). Thus, the breach of warranty claim is not plausible because Section 2.312(c) only requires that the goods sold by the Third-Party Defendants are free from any infringement claims. In fact, to date, no infringement claims have been made against Third-Party Defendants for the goods that were sold to the Third-Party Plaintiffs. Thus, Section 2.312(c) does not apply because the goods sold to the Third-Party Plaintiffs are, in fact, free from any infringement claims. After all, the SAC does not identify any infringement claim made against the Third-Party Defendants. Instead, the only infringement claim raised in the SAC relates to the illegal

conduct of the Third-Party Plaintiffs, more specifically their sale, offer for sale, distribution, or advertisement of infringing goods. Without alleging that an infringement claim exists against the Third-Party Defendants for they goods they sold to Third-Party Plaintiffs, a breach of warranty claim under Section 2.312(c) is not plausible as a matter of law.

Furthermore, the breach of warranty claim in the SAC alleges that "Third-Party Defendants supplied these goods in wholesale transactions for resale…" See *SAC*, ECF No. 85, ¶27. However, the SAC also alleges that Third-Party Defendant MSO Distro, Inc. sold the following: one Gravity Waterpipe, two Gravity Pineapple waterpipes, one Grenco G Pen Dash, and one Grenco G Pen Dash Vaporizer Black. See *SAC*, ECF No. 85, p.7, ¶19(a). In addition, the SAC alleges that Third Party Defendant Smoke Trendz Enterprises, LLC sold the following: two stylish hookah-assorted in a bag, one stylish hookah-assorted in a bag, and one stylish hookah STG-001 Pink. See *SAC*, ECF No. 85, p.7, ¶19(b). Even further, the SAC alleges that Third Party Defendant Sigma Impact, Inc. sold the following: one STG Gravity Waterpipe Cookies. See *SAC*, ECF No. 85, p.8, ¶19(g). Essentially, on the one hand, the SAC makes the conclusory allegation that the Third-Party Defendants sold "goods in wholesale transactions for resale." But, on the other hand, the SAC makes specific allegations that the Third Party Defendants sold products in quantities of one or two units. Selling one or two units is not consistent with the allegation that Third Party Defendants sell in wholesale for resale.

Accordingly, the warranty claim in Count II of the SAC must be stricken

## V. <u>THE SAC FAILS TO PROPERLY PLEAD A CONTRIBUTION/ALLOCATION/APPORTIONMENT CLAIM</u>

Under Count III of the SAC, Third-Party Plaintiffs allege a claim for contribution/allocation/apportionment. See *ECF No.* 85, p.13. However, Third-Party Plaintiffs fail to plead the basis for such contribution/allocation/apportionment claimed. In fact, the Amended Third-Party Complaint alleges as follows:

> "Third-Party Plaintiffs are entitled to a determination that the Third-Party Defendants bear all or part of the responsibility for the conduct giving rise to Plaintiff's alleged damages and requested relief." See *ECF No. 85,* p.13.

Thus, the SAC fails to identify any rule or statute that gives rise to the contribution/allocation/apportionment claimed. After all, assuming, *arguendo*, that the allegations in the Amended Third-Party Complaint are true, then Third-Party Defendants merely sold counterfeit goods to Third-Party Plaintiffs. There is no allegation that the Third-Party Defendants then forced, facilitated, or even conspired for the Third-Party Plaintiffs to then resell, offer for sale, distribute, or advertise in commerce any of the counterfeit goods. After all, pursuant to 15 U.S.C. §1114, the only way that the Third-Party Plaintiffs would be liable to Plaintiff is if the Third-Party Plaintiffs sold, offered for sale, distributed, or advertised the counterfeit products. Without an allegation that the Third-Party Defendants participated in the Third-Party Plaintiffs' alleged sale, offer for sale, distribution, or advertising of the counterfeit products, the Third-Party Defendants cannot be held responsible for the unlawful actions of Third-Party Plaintiffs.

Accordingly, the contribution/allocation/apportionment claim in Count III of the SAC must be stricken.

## VI. <u>THE SAC FAILS TO PROPERLY PLEAD A MISREPRESENTATION CLAIM</u>

Under Count IV of the SAC, Third-Party Plaintiffs allege fraudulent and/or negligent misrepresentation. See *ECF No. 85,* p.14-17. To the extent that Third-Party Plaintiffs' claims for negligent misrepresentation are even facially plausible, they are barred by the two-year statute of limitations. See *Baylor Health Care Sys. v. Maxtech Holdings, Inc*., 111 S.W.3d 654, 656 (Tex.App.-Dallas 2003). After all, the Negligent Misrepresentation Claim was first asserted in the SAC on July 2, 2026. See *ECF No. 85*. Thus, any negligent misrepresentation claims based on facts pre-dating July 2, 2024, is barred by the two-year statute of limitations.

The SAC unambiguously bases the negligent misrepresentation claim against Third-Party Defendant MSO Distro, Inc. on representations made on August 31, 2022.

See *ECF No. 85,* p.14 ¶33(a). Clearly, August 31, 2022, pre-dates July 2, 2024. Thus, the Negligent Misrepresentation claim against Third-Party Defendant MSO Distro, Inc. is barred by the two-year statute of limitations.

Similarly, the SAC unambiguously bases the negligent misrepresentation claim against Third-Party Defendant Smoke Trendz Enterprises, LLC. on representations made on July 12, 2022; March 20, 2023; February 13, 2023; and August 25, 2022. See *ECF No. 85,* p.14 ¶33(b). Clearly, all these dates, pre-date July 2, 2024. Thus, the Negligent Misrepresentation claim against Third-Party Defendant Smoke Trendz Enterprises, LLC. is barred by the two-year statute of limitations.

Similarly, the SAC unambiguously bases the negligent misrepresentation claim against Third-Party Defendant Sigma Impact, Inc. on representations made on October 5, 2021; December 20, 2022; and March 4, 2022. See *ECF No. 85,* p.15 ¶34. Clearly, all these dates, pre-date July 2, 2024. Thus, the Negligent Misrepresentation claim against Third-Party Defendant Smoke Trendz Enterprises, LLC. is barred by the two-year statute of limitations.

Even more, the fraudulent misrepresentation claim against Third-Party Defendant Sigma Impact, Inc. is also barred by the statute of limitations. After all, the statute of limitations for fraudulent misrepresentation is four years. See Tex. Civ. Prac. & Rem.Code Ann. § 16.004(a). Thus, any claim for fraudulent misrepresentation pre-dating July 2, 2022, is barred. In this case, the fraudulent misrepresentation claim against Third-Party Defendant Sigma Impact, Inc. is based on representations made on October 5, 2021 and March 4, 2022. See *ECF No. 85,* p.15 ¶34. These representation pre-date July 2, 2022. Thus, the fraudulent misrepresentation claim against Third-Party Defendant Sigma Impact, Inc. is barred by the four-year statute of limitations.

## VII. <u>THE SAC FAILS TO PROPERLY PLEAD AN UNJUST ENRICHMENT CLAIM</u>

Third-Party Plaintiffs seek, in the alternative, a claim for unjust enrichment based on the notion that Third-Party Defendants were unjustly enriched by receiving consideration for products sold to Third-Party Plaintiffs. See *ECF 85,* p. 17. To the

extent that Third-Party Plaintiffs' claims for unjust enrichment are even facially plausible, they are time barred under Section 16.003 of the Texas Civil Practice and Remedies Code. After all, unjust enrichment claims are governed by the two-year statute of limitations in section 16.003 of the Texas Civil Practice and Remedies Code. See *Elledge v. Friberg-Cooper Water Supply Corp*., 240 S.W.3d 869 (Tex. 2007).

In the present case, the SAC is based on Third-Party Plaintiffs' allegations that Third-Party Defendant MSO Distro, Inc. sold infringing goods on August 31, 2022 (See *ECF No. 85,* p.7 ¶19(a)); that Third-Party Defendant Smoke Trendz Enterprises, LLC sold infringing goods on July 12, 2022, March 20, 2023, February 13, 2023, and August 25, 2022 (See *ECF No. 85,* p.7 ¶19(b); and Third-Party Defendant sold infringing goods on October 5, 2021 (See *ECF No. 85,* p.8 ¶19(g).

The Unjust Enrichment Claim was first asserted in the SAC on July 2, 2026. See *ECF No. 85*. Thus, any unjust enrichment claims based on facts pre-dating July 2, 2024, is barred by the two-year statute of limitations. As shown above, all of the sales activity on which Third-Party Plaintiffs base their unjust enrichment claim pre-dates July 2, 2024. Thus, the unjust enrichment claim must be stricken as being barred by the statute of limitations.

## VIII. CONCLUSION

Based on the foregoing, Third-Party Defendants respectfully request this Court to grant this Motion and dismiss the SAC as to Third-Party Defendants without opportunity to amend.

DATED: July 16, 2026

By:______________________________

Louis F. Teran (Pending *Pro Hac Vice)*
Email: lteran@slclg.com
California Bar No. 249494
SLC Law Group
1055 E. Colorado Blvd., Suite 500
Pasadena, CA 91106
Phone: 818-484-3217 x200

ATTORNEY FOR THIRD-PARTY DEFENDANTS Smoke Trendz Enterprises, LLC; Sigma Impact, Inc.; and MSO Distro, Inc.

**CERTIFICATE OF SERVICE**

I certify that I filed this brief via the ECF system, which serves this motion on all counsel of record.

DATED: July 16, 2026

By:______________________________

Louis F. Teran (Pending *Pro Hac Vice)*
Email: lteran@slclg.com
California Bar No. 249494
SLC Law Group
1055 E. Colorado Blvd., Suite 500
Pasadena, CA 91106
Phone: 818-484-3217 x200

ATTORNEY FOR THIRD-PARTY DEFENDANTS Smoke Trendz Enterprises, LLC; Sigma Impact, Inc.; and MSO Distro, Inc.