United States District Court
Southern District of Texas
ENTERED
September 23, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | | |
|---|---|---|
| GS HOLISTIC, LLC, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:24-cv-00360 |
| | § | |
| AAR MANAGEMENT LLC, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

Pending before me are two motions to dismiss a third-party complaint. The first is filed by General Goods Wholesale, LLC ("GGW"). *See* Dkt. 89. The second is filed by Smoke Trendz Enterprises, LLC; Sigma Impact, Inc.; and MSO Distro, Inc.[1] *See* Dkt. 90. Having reviewed the briefing, the record, and the applicable law, I recommend that the motions be granted in part and denied in part.

## BACKGROUND[2]

Plaintiff GS Holistic, LLC sells portable vaporizers and smoking accessories under the "G Pen" brand name, and infuser waterpipes and accessories under the "Stündenglass" brand name. GS owns several federal trademarks related to both brands. On December 13, 2024, GS sued 78 defendants for allegedly infringing on its trademarks and patented smoking products. Many of the defendants are entities operating as retail smoke shops.

On March 10, 2026, Third-Party Plaintiffs, the defendants in the underlying action, filed a Third-Party Complaint against eight entities allegedly engaged in the

---

[1] I will refer to GGW, Smoke Trendz, Sigman, and MSO, collectively, as "Third-Party Defendants."

[2] The facts in this section are taken from Third-Party Plaintiffs' Second Amended Third-Party Complaint. *See* Dkt. 85. At the motion to dismiss stage, I accept "all well-pleaded facts as true, viewing them in the light most favorable to [Third-Party Plaintiffs]." *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quotation omitted).

wholesale distribution of smoking-related products. *See* Dkt. 48. Third-Party Plaintiffs have twice amended their claims, with the live pleading being the Second Amended Third-Party Complaint filed on July 2, 2026. *See* Dkt. 85. In that pleading, Third-Party Plaintiffs allege that Third-Party Defendants:

> offered for sale and sold products that were counterfeit or otherwise infringing and/or that infringed Plaintiff's asserted design patents, including counterfeit G Pen vaporizers bearing imitations of Plaintiff's G Pen trademarks and counterfeit Stündenglass gravity infuser waterpipes bearing imitations of Plaintiff's Stündenglass trademarks, as well as waterpipes alleged to infringe [GS's patents]. . . . [I]n the ordinary course of business, Third-Party Plaintiffs obtained the relevant inventory from wholesale suppliers and distributors, including the Third-Party Defendants, who sold, supplied, and distributed those products to one or more Third-Party Plaintiffs for resale.

*Id.* at 5. Based on Third-Party Defendants providing them with allegedly counterfeit and infringing products, Third-Party Plaintiffs assert claims for: (1) indemnity; (2) breach of warranty/assurances of non-infringement; (3) contribution/allocation/apportionment; (4) fraudulent and/or negligent misrepresentation; and, alternatively, (5) unjust enrichment.

In its motion to dismiss, GGW argues that Third-Party Plaintiffs fail to state a claim that would entitle them to relief as to their indemnity, misrepresentation, and unjust enrichment claims. *See* Dkt. 89. Smoke Trendz, Sigma, and MSO move to dismiss all five of Third-Party Plaintiffs' claims against them for failure to state a claim. *See* Dkt. 90.

## LEGAL STANDARD

A Rule 12(b)(6) motion tests the sufficiency of the complaint against the requirement that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

(2007)). In ruling on a motion to dismiss, my "review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

I accept "all well-pleaded facts as true and view[] those facts in the light most favorable to the plaintiff." *Cummings v. Premier Rehab Keller, P.L.L.C.*, 948 F.3d 673, 675 (5th Cir. 2020) (quotation omitted). I "do not, however, accept as true legal conclusions, conclusory statements, or naked assertions devoid of further factual enhancement." *Benfield v. Magee*, 945 F.3d 333, 336–37 (5th Cir. 2019) (cleaned up). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

## ANALYSIS

### A. INDEMNITY CLAIM (COUNT I)

Third-Party Plaintiffs assert a common law indemnity claim:

> [U]nder Texas common law and applicable equitable principles, the Third-Party Defendants are obligated to indemnify Third-Party Plaintiffs for all or part of any judgment, settlement, damages, costs, expenses, or other relief awarded against Third-Party Plaintiffs arising from Plaintiff's claims.

Dkt. 85 at 11. Third-Party Defendants move to dismiss, arguing that no common-law indemnity claim exists under Texas law. *See* Dkt. 89 at 2–3; Dkt. 90 at 3.

"Under Texas law, the availability of common law indemnity is extremely limited." *Vecellio Ins. Agency, Inc. v. Vanguard Underwriters Ins. Co.*, 127 S.W.3d 134, 138 (Tex. App.—Houston [1st Dist.] 2003, no pet.). "The Texas Supreme Court has recognized only two exceptions to the rule that common law indemnity between joint tortfeasors is unavailable." *Hardy v. Gulf Oil Corp.*, 949 F.2d 826, 831 (5th Cir. 1992). "First, common law indemnity survives in products liability actions to protect an innocent retailer in the chain of distribution." *Id.* (citing *Duncan v. Cessna Aircraft Co.,* 665 S.W.2d 414, 432 (Tex. 1984)); *see also*

*Gen. Motors Corp. v. Hudiburg Chevrolet, Inc.*, 199 S.W.3d 249, 255 n.10 (Tex. 2006). "Second, common law indemnity survives in negligence actions to protect a defendant whose liability is purely vicarious in nature." *Hardy*, 949 F.2d at 831 (citing *Aviation Off. of Am., Inc. v. Alexander & Alexander of Tex., Inc.*, 751 S.W.2d 179, 180 (Tex. 1988); *Bonniwell v. Beech Aircraft Corp.*, 663 S.W.2d 816, 819–20 (Tex. 1984)).

Neither exception applies here. The Third-Party Plaintiffs "cannot maintain a common law indemnity claim as this is not a products liability action nor is it a negligence action." *Ins. Co. of the W. v. H & G Contractors, Inc.*, No. CIV.A. C-10-390, 2011 WL 4738197, at *4 n.5 (S.D. Tex. Oct. 5, 2011).[3] Grasping at straws, Third-Party Plaintiffs argue that I should extend the common law indemnity provided under Texas law in products liability actions to trademark matters. Third-Party Plaintiffs, however, point to no authority showing that the "innocent retailer" exception for common-law indemnity claims applies outside of the products liability context, and my own research confirms that no court has adopted such a stance. I am not willing to be the first jurist to take this bold step, especially on a question of Texas law that should be left to Texas state courts to decide.

To bolster their argument, Third-Party Plaintiffs assert that two cases "have recognized that downstream retailers accused of trademark infringement may pursue third-party contribution and indemnity claims against upstream suppliers of counterfeit goods." Dkt. 96 at 9 (citing *Samsung Elec. Am., Inc. v. Yang Kun "Michael" Chung*, No. 3:15-cv-4108, 2018 WL 1532383, at *6 (N.D. Tex. Mar. 29, 2018), and *Tuesday Morning Corp. v. Tradewinds Textiles, Inc.*, No. 3-11-cv-0359, 2011 WL 7063557, at *1 (N.D. Tex. Dec. 9, 2011)). Neither case stands for such a proposition. *Samsung* involved a claim for statutory indemnity and

[3] To the extent Third-Party Plaintiffs seek recovery under "applicable equitable principles," Dkt. 85 at 11, Texas law does not recognize such a claim. *See F & F Ranch v. Occidental Chem. Corp.*, No. 14-09-00901, 2011 WL 1123402, at *4 (Tex. App.—Houston [14th Dist.] Mar. 29, 2011, no pet.) (holding that the plaintiff "has not cited, nor have we found, any cases in which a party has been 'equitably indemnified'").

*Tuesday Morning* involved a contractual indemnity claim—neither of which is at issue in this case.

Because Third-Party Plaintiffs have, as a matter of law, no common law indemnity claim against Third-Party Defendants, I recommend that Third-Party Plaintiffs' common law indemnity claim be dismissed.

### B. BREACH OF WARRANTY CLAIM (COUNT II)

Third-Party Plaintiffs bring a breach of warranty claim under Texas Business and Commerce Code § 2.312(c). This statutory provision provides, in relevant part, that "a seller who is a merchant regularly dealing in goods of the kind warrants that the goods shall be delivered free of the rightful claim of any third person by way of infringement or the like." Tex. Bus. & Com. Code § 2.312(c). In the operative pleading, Third-Party Plaintiffs allege that they purchased goods from Third-Party Defendants that "were counterfeit or infringing," thus exposing Third-Party Plaintiffs to infringement claims from the trademark owner, GS. Dkt. 85 at 12.

Smoke Trendz, Sigma, and MSO contend that no breach of warranty claim exists because "no infringement claims have been made against Third-Party Defendants for the goods that were sold to the Third-Party Plaintiffs." Dkt. 90 at 4. As Third-Party Plaintiffs point out: "This argument reflects a fundamental misunderstanding of the [§ 2.312(c)] warranty against infringement." Dkt. 96 at 13. It makes no difference whether Third-Party Defendants have been sued for infringement. "[T]he entire purpose of Tex. Bus. & Com. Code § 2.312(c) is to protect downstream buyers who are exposed to infringement claims as a result of goods purchased from upstream merchants." *Id.*; *see also* U.C.C. § 2-312 cmt. 3 (2012) ("When the goods are part of the seller's normal stock and are sold in his normal course of business, it is his duty to see that no claim of infringement of a patent or trademark by a third party will mar the buyer's title."). Third-Party Plaintiffs have perfectly summarized the issue:

> The [§ 2.312(c)] warranty protects the buyer—it warrants that the goods will not expose the buyer to third-party infringement claims. That is precisely what happened here: Third-Party Plaintiffs

> purchased goods from [Smoke Trendz, Sigma, and MSO], and those goods have exposed Third-Party Plaintiffs to Plaintiff GS Holistic's infringement claims.

Dkt. 96 at 13. Accordingly, I recommend that Smoke Trendz, Sigma, and MSO's motion to dismiss the § 2.312(c) breach-of-warranty claim be denied.

**C. CONTRIBUTION CLAIM (COUNT III)**

Smoke Trendz, Sigma, and MSO seek dismissal of Third-Party Plaintiffs' contribution/allocation/apportionment claim, complaining that the Second Amended Complaint "fails to identify any rule or statute that gives rise to the contribution/allocation/apportionment claimed." Dkt. 90 at 6. In response, Third-Party Plaintiffs explain that live pleading is brought under Rule 14(a)(1), which provides the procedural vehicle for third-party claims seeking contribution and indemnity. *See* Dkt. 96 at 16; *see also* Dkt. 85 at 1 (asserting claims "pursuant to Federal Rule of Civil Procedure 14(a)").

"Rule 14(a) provides that a defending party, as a third-party plaintiff, may sue 'a nonparty who is or may be liable to it for all or part of the claim against it.'" *Samsung*, 2018 WL 1532383, at *9 (quoting Fed. R. Civ. P. 14(a)). Additionally, "[u]nder Chapter 33 of the Texas Civil Practice and Remedies Code, defendants have a right to seek contribution against a contribution defendant who is jointly and severally liable for the plaintiff's damages." *YETI Coolers, LLC v. Mercatalyst, Inc.*, No. 1:22-cv-01337, 2023 WL 11858896, at *2 (W.D. Tex. Dec. 1, 2023).

Third-Party Plaintiffs have plausibly stated a claim for contribution. The Third-Party Plaintiffs allege that they are "entitled to a determination that the Third-Party Defendants bear all or part of the responsibility for the conduct giving rise to Plaintiff's alleged damages and requested relief." Dkt. 85 at 13. Third-Party Plaintiffs further allege that "Third-Party Defendants, as the upstream wholesalers and distributors who sourced, imported, and/or supplied the products at issue, bear a substantially greater degree of fault than Third-Party Plaintiffs, who are downstream retailers that merely resold products received from the Third-Party Defendants without alteration." *Id.* Third-Party Plaintiffs' contribution claims

against Third-Party Defendants depend on the outcome of Plaintiff's claims against Third-Party Plaintiffs. Because Third-Party Plaintiff's claims are properly brought under Rule 14, Third Party Defendants' motion to dismiss should be denied. *See Samsung*, 2018 WL 1532383, at *10.

### D. FRAUDULENT AND NEGLIGENT MISREPRESENTATION CLAIMS (COUNT IV)

Smoke Trendz, Sigma, and MSO contend that the negligent misrepresentation claims are time-barred. *See* Dkt. 90 at 6–7. Sigma also claims that the fraudulent misrepresentation claim against it is barred by limitations. *See id.* at 7. GGW asks to dismiss Count IV on a different theory: that Third-Party Plaintiffs' misrepresentation claims fail to the extent they are based on infringement of an alleged "Snoop Dogg" registered trademark. *See* Dkt. 89 at 5.

Under Texas law, negligent misrepresentation claims are subject to a two-year statute of limitations. *See* Tex. Civ. Prac. & Rem. Code § 16.003(a). Fraud claims are subject to a four-year statute of limitations. *See id.* § 16.004(a)(4). The limitations period for fraud and negligent misrepresentation claims begins to run "when facts come into existence that authorize a claimant to seek a judicial remedy." *Exxon Corp. v. Emerald Oil & Gas Co.*, 348 S.W.3d 194, 202 (Tex. 2011). At the motion to dismiss stage, the standard for dismissing claims based on the statute of limitations is high. *See Vela v. Compton*, No. 24-40302, 2024 WL 4891786, at *2 (5th Cir. Nov. 26, 2024) ("Rule 12(b)(6) dismissal under a statute of limitations is proper only when the complaint makes plain that the claim is time barred and raises no basis for tolling.").

Here, the face of the Second Amended Third-Party Complaint does not establish that the statute of limitations has expired. Smoke Trendz, Sigma, and MSO argue that the alleged misrepresentations—"that the products were genuine articles manufactured by or under the authority of the trademark owner"—took place on the dates they allegedly provided sales receipts, invoices, or sales orders to Third-Party Plaintiffs. Dkt. 85 at 14. These dates are all more than two years before July 2, 2026—the date a misrepresentation claim was first asserted by

Third-Party Plaintiffs in this lawsuit. In response, Third-Party Plaintiffs note that they could not have known that the products supplied by Smoke Trendz, Sigma, and MSO were counterfeit or infringing until GS filed its lawsuit on December 13, 2024, and made those allegations. For that reason, Third-Party Plaintiffs insist that their misrepresentation claims did not accrue until December 13, 2024, which is less than two years from the date they brought the misrepresentation claims presently at issue. Because there is a genuine dispute as to when the statute of limitations accrued, dismissal at this stage is improper. The better course of action is to revisit the statute of limitations defense at the summary judgment stage.

As for GGW's contention that the misrepresentation claims should be dismissed because "Snoop Dogg" is not GS's registered trademark, such an argument fails. The Third-Party Plaintiffs allege GGW sold them a "SNOOP DOG BOX GPEN" product, "thereby representing that the product was a genuine G Pen product manufactured by or under the authority of" GS. Dkt. 85 at 15. Thus, "[t]he operative misrepresentation is not that the product bore a 'Snoop Dog' trademark. The operative misrepresentation is that GGW used [GS's] registered G Pen trademark—'GPEN' in the product description—to represent that the product was a genuine G Pen product." Dkt. 95 at 12. This is a sufficient misrepresentation allegation to survive a motion to dismiss.

* * *

Overall, I recommend that Third-Party Defendants' motion to dismiss the misrepresentation claims be denied.

### E. UNJUST ENRICHMENT CLAIMS (COUNT V)

Third-Party Plaintiffs allege:

> The Third-Party Defendants sold allegedly counterfeit or infringing products to Third-Party Plaintiffs and received substantial payments in exchange. The Third-Party Defendants were unjustly enriched by retaining the proceeds of those sales while Third-Party Plaintiffs bear the consequences of Plaintiff's claims, including potential liability for trademark infringement,

> design patent infringement, and associated damages, defense costs, and attorneys' fees.
>
> It would be unjust and inequitable for the Third-Party Defendants to retain the benefit of those payments without bearing any responsibility for the liability and damages their products have caused. Third-Party Plaintiffs are entitled to restitution of amounts paid to the Third-Party Defendants for the allegedly counterfeit or infringing products, as well as disgorgement of profits the Third-Party Defendants derived from those transactions, to the extent permitted by applicable law.

Dkt. 85 at 17 (cleaned up). Third-Party Defendants move to dismiss Third-Party Plaintiffs' unjust enrichment claims, maintaining that the claims are time-barred. *See* Dkt. 89 at 5; Dkt. 90 at 7–8. Unjust enrichment claims are subject to a two-year statute of limitations. *See* Tex. Civ. Prac. & Rem. Code § 16.003(a); *Elledge v. Friberg-Cooper Water Supply Corp.*, 240 S.W.3d 869, 870 (Tex. 2007). Like the misrepresentation claims, it is Third-Party Defendants' burden to show the Second Amended Third-Party Complaint "raises no basis for tolling" before the court can dismiss the complaint on limitations grounds. *Vela*, 2024 WL 4891786, at *2. Third-Party Defendants have not shown this. For the same reasons that dismissal at this stage is improper for Third-Party Plaintiffs' misrepresentation claims, dismissal is improper for the unjust enrichment claim.

## CONCLUSION

For the reasons discussed above, I recommend that Third-Party Defendants' motions to dismiss (Dkts. 89, 90) be granted in part and denied in part. Third-Party Plaintiffs' plausibly state claims for breach of warranty, contribution, misrepresentation, and unjust enrichment. Their common-law indemnity claims (Count I) should be dismissed.

The parties have 14 days from service of this Memorandum and Recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.

SIGNED this 23rd day of September 2026.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE